The Schillinger Fire Proof Cement and Asphalt Company, Respondent, *v.* William H. Arnott et al., Appellants.

Max Gabriel et al., Respondents, *v.* The Same, Appellants.

1. Mechanics' Lien — Action to Foreclose, Triable Without Jury. The character of an action to foreclose a mechanics' lien, as a suit in equity triable by the court without a jury, is not changed by the release of the realty from the lien by the substitution, before trial, of money deposited in court, nor by the substitution of personal responsibility in place of the money.

2. Constitutionality of Mechanics' Lien Law of 1885 — Trial by Jury. The fact, that at the time of the adoption of the provision of the Constitution of 1846 (Art. 1, § 2), that "the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever," there was in force a Mechanics' Lien Law (L. 1844, ch. 220) which provided for trials as in actions of assumpsit, does not invalidate the Mechanics' Lien Law of 1885 (Ch. 342), which provides that actions thereunder shall be tried in the same manner as actions for the foreclosure of mortgages.

3. FRAMED ISSUES — CODE CIV. PRO. § 823.    The remedy of a party who desires a jury trial upon issues of fact in an action to foreclose a mechanics' lien is to apply to the court to frame issues, under section 823 of the Code of Civil Procedure.

4. CONTRACTOR AND SUB-CONTRACTOR — ARCHITECT'S CERTIFICATE. The fact that the head contractor on a building, in order to make a settlement with the owner, has obtained from the architect a certificate of the completion of portions of the work, including work covered by a sub-contract, may be regarded as an admission by the contractor and the architect that the sub-contractor had substantially performed his work, in determining the question, as between the contractor and sub-contractor, whether the architect's refusal of a certificate to the sub-contractor was unreasonable.

5. ARCHITECT AS ARBITRATOR.    The provision in a contract between a head contractor and a sub-contractor, that the work shall be according to the architect's drawings and specifications, which are part of the contract, and that if any dispute arises as to their true construction and meaning, the decision of the architect shall be final, does not make the architect an arbitrator to finally determine whether or not the work done by the sub-contractor has been performed in accordance with the contract.

*Schillinger Cement Co.* v. *Arnott*, 86 Hun, 182, and *Gabriel* v. *Arnott*, 86 Hun, 618, affirmed.

(Argued March 19, 1897; decided April 20, 1897.)

APPEALS from judgments of the General Term of the Supreme Court in the first judicial department, entered respectively April 16 and 18, 1895, which affirmed judgments in favor of the respective plaintiffs entered upon a decision of the court on trial at Special Term, and also affirmed orders denying motions to strike the causes from the equity calendar and to grant a jury trial.

The cases were tried together and involve the same questions.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*John Winthrop Fiske* and *Carlisle Norwood* for appellants. The defendants had a constitutional right to a jury trial, and if they could not have it under the act of 1885, then that act is unconstitutional.    (Const. of 1846, art. 1, § 2; L. 1844, chs. 220, 305; *Libmann* v. *M. R. Co.*, 59 Hun, 428; *Wynehamer* v. *People*, 13 N. Y. 378; *In re Townsend*, 39 N. Y. 171, 180;

*Sheppard* v. *Steele*, 43 N. Y. 52; *Fire Dept.* v. *Harrison*, 2 Hilt. 455; *Dudley* v. *Congregation of St. Francis*, 138 N. Y. 451; *Conderman* v. *Conderman*, 44 Hun, 181; *Lowenthal* v. *Lowenthal*, 68 Hun, 366; *Wheelock* v. *Lee*, 74 N. Y. 495; *Davis* v. *Morris*, 36 N. Y. 569.) The plaintiff and defendants, by the terms of their contract, have made the architect an umpire to determine whether or not the work done by the plaintiff has been performed in accordance with the requirements of the contract, and his decision is conclusive. (*Bowery Nat. Bank* v. *Mayor, etc.*, 63 N. Y. 336; *Thomas* v. *Fleury*, 26 N. Y. 26; *Beardsley* v. *Cook*, 143 N. Y. 143; *Wyckoff* v. *Meyers*, 44 N. Y. 143; *Byron* v. *Low*, 109 N. Y. 291; *Masury* v. *Whiton*, 111 N. Y. 679; *Sweet* v. *Morrison*, 116 N. Y. 19; *Wangler* v. *Swift*, 90 N. Y. 38; *Wiberly* v. *Matthews*, 91 N. Y. 648.) The evidence wholly failed to show any bias or unfairness on the part of the architect, and such evidence as there was was improperly admitted. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Schultz* v. *T. A. R. R. Co.*, 89 N. Y. 242; *People* v. *Brooks*, 131 N. Y. 321; *Higham* v. *Gault*, 15 Hun, 383; *Newman* v. *Goddard*, 3 Hun, 70; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 25; *People* v. *Turner*, 49 Hun, 466; 117 N. Y. 227; *Leverance* v. *Dayton*, 4 Wash. C. C. 698; *Gilchrist* v. *Bklyn. Grocers' M. Assn.*, 59 N. Y. 495; *Marcly* v. *Shults*, 29 N. Y. 346; *Merrill* v. *I. & O. R. R. Co.*, 16 Wend. 586.) Evidence was improperly excluded which tended to explain why Zucker gave certificates to Arnott & Co. after he had refused to give them to the Schillinger Company. (*Smith* v. *Jones*, 15 Johns. 229; *Carver* v. *Tracy*, 3 Johns. 427; *Wailing* v. *Toll*, 9 Johns. 141; *Credit* v. *Brown*, 10 Johns. 365; *Hopkins* v. *Smith*, 11 Johns. 161; *State* v. *Crank*, 2 Bailey [S. C.], 66; *Cook* v. *Swan*, 5 Conn. 140; *Kaufman* v. *Schoeffel*, 37 Hun, 140; *Uransky* v. *D. D., E. B. & B. R. R. Co.*, 44 Hun, 119; *Simmons* v. *Havens*, 101 N. Y. 427; *Blumenthal* v. *Bloomingdale*, 100 N. Y. 558.) The doctrine of substantial performance cannot be successfully invoked by the plaintiff company, because its failure to perform was material

and willful. ( *Woodward* v. *Fuller*, 80 N. Y. 312; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Flaherty* v. *Miner*, 123 N. Y. 382; *Crouch* v. *Gutmann*, 134 N. Y. 45; *Hollister* v. *Mott*, 132 N. Y. 18.) The plaintiff was bound to protect its work at all hazards, and to render it up in good condition, and is not excused from so doing by the fact that injury was done either by the workmen or the elements. (*Ketcham* v. *Newman*, 141 N. Y. 205; *Ward* v. *H. R. B. Co.*, 125 N. Y. 230.)

*B. Lewinson* for respondents. This action was triable at Special Term. (*Schillinger* v. *Arnott*, 14 N. Y. Supp, 326.) The findings of facts of the learned trial justice are abundantly supported by the evidence and will not be disturbed by this court. ( *White* v. *Benjamin*, 150 N. Y. 258.) Where there has been substantial performance of the contract, the refusal of the architect to give the required certificate is deemed an unreasonable refusal and does not bar the contractor's right to recover on the contract. (*Crouch* v. *Gutmann*, 134 N. Y. 46; *Thomas* v. *Stewart*, 132 N. Y. 580; *Flaherty* v. *Miner*, 123 N. Y. 382; *Doll* v. *Noble*, 116 N. Y. 230; *Nolan* v. *Whitney*, 88 N. Y. 649; *B. N. Bank* v. *Mayor*, etc., 63 N. Y. 366; *Stewart* v. *Keteltas*, 36 N. Y. 388; *Thomas* v. *Fleury*, 26 N. Y. 26; *Wright* v. *Reusens*, 133 N. Y. 298; *Wyckoff* v. *Meyers*, 44 N. Y. 143; *Smith* v. *Brady*, 17 N. Y. 176.) The form of the judgment is that of a decree in equity, though it provides for a personal judgment against the defendants. But that is only so, by reason of their stipulation substituting their personal liability in lieu of the statutory deposit. This stipulation is in effect an undertaking (executed only by the principal), and fully warrants the money judgment. (*Morton* v. *Tucker*, 145 N. Y. 244; *McGraw* v. *Godfrey*, 56 N. Y. 610; *Glacius* v. *Black*, 67 N. Y. 563; *Darrow* v. *Morgan*, 65 N. Y. 333; *Crouch* v. *Moll*, 28 N. Y. S. R. 48.) The evidence showing bias or unfairness on the part of the architect was properly admitted, ( *Wright* v. *Nostrand*, 94 N. Y. 31.)

*Thomas C. Ennever* for respondents.   The action was properly triable at Special Term.   (*Kenney* v. *Apgar*, 93 N. Y. 539; *Kruger* v. *Braender*, 3 Misc. Rep. 275; *Sheffield* v. *Robinson*, 73 Hun, 173; L. 1885, ch. 342, § 8; *Lynch* v. *M. El. R. R. Co.*, 129 N. Y. 277.)   The Mechanics' Lien Law is not unconstitutional.   (*Blauvelt* v. *Woodworth*, 31 N. Y. 285; *Glacius* v. *Black*, 67 N. Y. 563; *Sheppard* v. *Steele*, 43 N. Y. 52; *Happy* v. *Mosher*, 48 N. Y. 313; *Schillinger Co.* v. *Arnott*, 14 N. Y. Supp. 326; Story's Eq. Juris. §§ 506, 1216; Code Civ. Pro. § 970; *Shepard* v. *M. R. Co.*, 131 N. Y. 215.)   This court will not review the questions of fact if there be any evidence whatsoever to sustain the same.   (*White* v. *Benjamin*, 150 N. Y. 258; *Crim* v. *Starkweather*, 136 N. Y. 635.)   Arnott & Co., by giving notice that they intended to proceed and complete the work under the 4th paragraph of their contract, rendered the requirement of the architect's certificate inapplicable.   (*Weeks* v. *O'Brien*, 141 N. Y. 199; *Ogden* v. *Alexander*, 140 N. Y. 356.)   Arnott & Co., by their conduct, waived the provision as to the architect's certificate.   (*Haden* v. *Coleman*, 73 N. Y. 567.)   The architect unreasonably refused to give his certificate.   (*Crouch* v. *Gutmann*, 134 N. Y. 45; *Wright* v. *Reusens*, 133 N. Y. 298.)   The judgment was correct in form.   (*Krueger* v. *Braender*, 3 Misc. Rep. 275; *Morton* v. *Tucker*, 145 N. Y. 244; *Ringle* v. *W. I. Works*, 149 N. Y. 439.)

BARTLETT, J.   These actions were brought to foreclose mechanics' liens against the defendants, Arnott & Company, as contractors, and Rachel Cohnfeld as owner of a ten-story building at the corner of Bleecker and Mercer streets in the city of New York.   Arnott and Company, defendants in both actions, contracted to do the entire mason work in this building.   The Schillinger Company were sub-contractors under Arnott & Co., and agreed to do a certain part of the mason work for $24,000.   Gabriel and Schall were sub-contractors under the Schillinger Co. and agreed to furnish it a quantity of cement.

The learned trial judge found that the Schillinger Co. sub-
stantially performed its contract and that there was due to it
from the defendants the sum of $9,275; that the architect
unreasonably refused his certificate notwithstanding the sub-
stantial performance of the contract; that the Schillinger Co.
duly filed a mechanic's lien against the property, and at the
time the owner was indebted to Arnott & Co. in the sum of
$80,000 and upwards; that Gabriel & Schall duly filed their
lien for $5,044, and there was due to the Schillinger Co. at the
time from Arnott & Co. the amount of $9,275; that this action
came on for trial at the Special Term and an amendment of
the complaint was allowed upon the condition that Arnott &
Co. might withdraw the money which had been deposited
with the clerk of the city and county of New York in dis-
charge of the mechanic's lien of the plaintiffs, provided they
substituted therefor their personal responsibility; that all the
defendants in the action had defaulted except Arnott & Co.,
and the liens of the several defendants were subsequent and
subordinate to the lien of the Schillinger Co., except that of
Gabriel & Schall, which was entitled to preference, being for
cement furnished to the Schillinger Co.; that the claim of
the Schillinger Co., including interest, was $11,215, and that
of Gabriel & Schall with interest was $6,103.24, leaving due
the Schillinger Co. a balance of $5,111.76.

As conclusions of law the trial judge found that as the
Schillinger Co. had substantially performed its contract with
Arnott & Co., the refusal of the architect under such circum-
stances to give a certificate was no bar to a recovery in this
action; that the lien of the Schillinger Co. was transferred
from the real estate to the moneys which were deposited with
the clerk of the city and county of New York, and that when
the moneys were withdrawn and the personal responsibility of
Arnott & Co. substituted therefor the lien was transferred to
said personal responsibility.

Judgment was thereupon entered in favor of the Schillinger
Co. against the surviving members of the firm of Arnott
& Co. for the amount due it and costs after deducting the

claim of Gabriel & Schall. The judgment further provided that it was exclusive of and inferior to a similar judgment rendered against the defendants in an action tried with this one wherein Gabriel and Schall were the plaintiffs.

Judgment was entered in the Gabriel & Schall action establishing their lien against the Schillinger Co. and declaring its priority to any lien of that company; also declaring that the lien of Gabriel & Schall had been transferred, first to the moneys on deposit and afterwards to the personal responsibility of Arnott & Co., which had been duly substituted therefor.

It also adjudged that Gabriel & Schall recover of the surviving members of the firm of Arnott & Co. the amount due with costs.

The first point raised by the defendants is that they were entitled, as matter of right, to a jury trial. It appears that when this case came on for trial, counsel for the defendants moved to strike it from the equity calendar and to dismiss the complaint for want of jurisdiction on the ground that the defendants were entitled to a jury trial. The defendants base this contention upon two propositions:

1st. The court erred in not sending the case to be tried at a Circuit, as there was nothing left to try except the question of the performance by the Schillinger Co. of its contract with Arnott & Co.

2nd. That defendants had a constitutional right to a jury trial, and if it was cut off by the Mechanics' Lien Law of 1885 then that act is unconstitutional.

We are unable to agree to the first proposition that there was nothing left of these actions but a suit at law against Arnott & Co. for the balance due on the contract, and that no basis remained for the exercise of the equitable jurisdiction of the court.

This court has held that an action to foreclose a mechanic's lien is a suit in equity, triable by a court without a jury, in which neither party has a right to a jury trial, except as to such issues as may be framed and sent to a jury. (*Kenney* v. *Apgar,* 93 N. Y. 539, 550.)

The trial judge properly found as a conclusion of law that the liens involved in this action were transferred from the real estate to the money deposited with the clerk of the city and county of New York, and afterwards to the personal responsibility of Arnott & Co., which was substituted for the money on deposit by the order of the court.

These cases are not distinguishable in principle from the situation presented, where a bond has been filed in order to discharge a lien conditioned for the payment of any judgment against the property. (*Morton* v. *Tucker*, 145 N. Y. 244.)

It was a condition precedent to reaching the money deposited with the clerk of the court, or enforcing the personal liability of Arnott & Co., that the liens should be established and the suits proceed to judgment precisely as if the real estate had never been relieved of the liens.

These actions, until final judgment, continue to be suits in equity to enforce mechanic's liens, and their character is in no way changed by the course of the proceedings prior to the trial.

This being so, the point raised as to the unconstitutionality of the Mechanics' Lien Law of 1885 would seem to be without force. We will, however, briefly consider it. The defendants' position is that article 1, § 2, of the Constitution of 1846 provides that "the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," and that on the day when this provision took effect there was in force a Mechanics' Lien Law in the city of New York (Chap. 220 of the Laws of 1844), which provided (section 7) that issues should be joined and tried and the judgment therein enforced in all respects in the same manner as upon issues joined and judgments rendered in actions of assumpsit.

From this the defendants argue that questions between the lienholder and the owner or head contractor must be tried by a jury as they were under the act of 1844.

The existing Mechanics' Lien Law (Chap. 342, Laws of 1885), like earlier statutes since the Constitution of 1846 went into effect, provides a system for the creation and enforcement

of liens calculated to better secure mechanics and laborers who perform labor and furnish materials for buildings and other improvements on real estate.

It provides (section 8) that the manner and form of instituting and prosecuting actions to judgment or appeals therefrom, should be the same as in actions for the foreclosure of mortgages upon real estate.

Also (section 17) it requires the plaintiff to make all who have filed notice of liens against the property as well as those who have subsequent liens and claims by judgment, mortgage or conveyance, parties defendant, and authorizes the court to settle and determine the equities of the various parties and to decide as to the extent, justice and priority of the claims presented.

We have here a broad field for the very appropriate exercise of the equitable powers of the court, and parties to an action designed to carry out the provisions of the statute have no absolute right to a jury trial, but are confined to the remedy of having issues framed for a jury to try if the court shall so direct.

The lien law must be read in connection with the provisions of the Code of Civil Procedure regulating trial by jury. Section 823 of the Code, after abolishing feigned issues, provides : " In a case where neither party can, as of right, require a trial by jury of an issue of fact arising upon the pleadings or where a question of fact, not in issue upon the pleadings is to be tried, an order for the trial thereof by a jury may be made, stating, distinctly and plainly the questions of fact to be tried."

It is thus always within the power of the trial judge sitting in equity, upon a seasonable application of the parties, to grant them a trial by jury of certain issues distinctly and plainly stated, if he is of the opinion that he needs the aid of a jury in determining the questions of fact.

It, therefore, follows that the defendants' practice, when the case was called for trial, in moving to strike it from the calendar and to dismiss the complaint, was erroneous.

Their remedy was to have applied under section 823 of the Code to frame issues. The Mechanics' Lien Law of 1885 does not violate the Constitution of 1846, as argued by the defendants.

This brings us to the principal legal questions in the case on the merits, to wit: Was there a substantial performance of the contract by the Schillinger Co., and, if so, was the refusal of the architect to furnish a certificate a bar to the action?

The defendants were required to file a bill of particulars specifying in what respects there had been a failure to perform. They named therein nine different instances of alleged failure. The trial judge states, in a clear and satisfactory opinion, that he found no serious difficulty with any of these nine instances, except the third. We have carefully examined the record and find evidence tending to sustain the finding that there was substantial performance of the contract, covering all the details in which the defendants in their bill of particulars insist there was failure to perform.

The third objection to which the trial judge referred has reference to the manner in which the cement floors had been laid and completed throughout the entire building of ten stories. There is a sharp conflict of evidence as to the manner in which this work was done, and yet it cannot be said that there was no evidence to support the finding that the contract was substantially performed in that regard.

It is apparent that the plaintiffs were somewhat embarrassed in their work by having to do it at a season of the year not contemplated by the contract. It was to have been done between May and October, but the building was not sufficiently completed until October for the plaintiffs to begin work, and the result was that they had to contend with low temperature and the presence of workmen engaged in other kinds of labor upon the building.

The entire record presents a situation that justifies the trial judge in his expressed belief that the plaintiffs made an honest effort to perform the work in the manner required by the contract. There are other considerations in this connection

75

referred to by the trial judge to which we do not deem it necessary to make reference, but which have not escaped our observation, and which justify his conclusions.

It is to be remarked in passing that there is no finding as to the amount it would cost to do the work alleged to have been left unperformed by the Schillinger Co. It is also worthy of remark that the defendants obtained from the architect a certificate as to the completion of certain portions of the work in order to enable them to make a settlement with the owner of the premises, which included as completed, the work in question. The defendants received from the owner a mortgage, in settlement for the work embraced in the certificate, and discharged their lien of record.

We agree with the trial judge that this is a fact of much significance as bearing upon the conduct of the architect, and the manner in which Arnott & Co. viewed this work when seeking to obtain payment therefor from the owner.

We notice in this connection an exception upon which the defendants rely. They offered to show that this mortgage had not been paid, but the evidence was excluded. The ruling was proper as it was wholly immaterial on the trial of the issues in this case whether the mortgage had been paid or not.

We are of opinion the finding that the refusal of the architect to furnish a certificate was unreasonable, and its absence is no bar to this action, is supported by evidence.

The issuing of the certificate to the defendants, under the circumstances already commented upon, may well be regarded as an admission, both by Arnott & Co. and the architect, that the contract of the Schillinger Co. had been substantially performed.

The defendants insist in further support of this appeal that the architect was an arbiter between the parties, and that his decision was final as to whether there had been substantial performance or not.

The contract between Arnott & Co. and the Schillinger Co. provides that the work shall be according to drawings

and specifications made by the architect named, which are part of the contract, and if any dispute arose as to their true construction and meaning, the decision of the architect in such a controversy is made final.

As to other disputes, there is a provision for arbitration in which the architect is not included.

It is fair to infer upon the face of the contract, which contains the usual provisions in regard to the certificates of the architect, that he represented Arnott & Co. as well as the owner.

There is nothing in the contract or the record to sustain the contention that the architect was made an arbitrator to finally determine whether or not the work done by plaintiffs had been performed in accordance with the requirements of the contract.

Where the parties to a contract insert a clause naming a disinterested third party, who is to act as an arbitrator between them, it is binding and enforceable, but this case presents no such situation.

The defendants complain that there was evidence improperly admitted for the purpose of showing bias or unfairness on the part of the architect towards the Schillinger Co. or its officers or stockholders.

Without going into details, we are of opinion that this evidence presents no reversible error.

We have given the other points presented by this appeal careful attention, and are of opinion that the court below made a proper disposition of the case.

The judgments appealed from should be affirmed, with costs.

All concur.

Judgments affirmed.