## JOHNSON et al. v. ALEXANDER et al.

(Supreme Court, Appellate Division, First Department.   December 17, 1897.)

1. MECHANICS' LIENS—RIGHT TO LIEN—PROPERTY SUBJECT.

    A complaint alleging that plaintiff sold to a lessee of real property lumber to be used temporarily thereon, and to remain the property of the buyer, and that, after the lease expired, plaintiff filed a notice of lien upon the premises, fails to show any cause of action against the owner of the fee.

2. ACTIONS—NATURE—RIGHT TO JURY TRIAL.

    The buyer, who is made a defendant with the owner of the fee, is entitled to a jury trial, although the action is in form for the foreclosure of a lien on the premises.

Appeal from special term.

Action by Russell Johnson and others against Howard T. Alexander and others, impleaded, etc.   From an order denying a motion to strike the cause from the special term calendar, certain defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George S. Coleman, for appellants.

Marshall S. Marden, for respondents.

O'BRIEN, J.   The motion was made on the ground "that the cause is not in any proper sense a mechanic's lien suit, but is in reality an action on contract for goods sold and delivered, and that, as such, the defendants are entitled to have the issues of fact tried by a jury." As correctly held by the learned judge below, this question must be determined by an inspection of the complaint.   Looking at the complaint, therefore, there can be no doubt that the action is in form one to foreclose a mechanic's lien, and that such an action is one in equity; but, although a stipulation was entered into between the plaintiffs and the owners of the fee that the former would not take judgment against them, this does not effect a change in the action, or prevent the plaintiffs having a trial at special term.   As held in Asphalt Co. v. Arnott, 152 N. Y. 591, 46 N. E. 957:

"These actions [to foreclose mechanics' liens], until final judgment, continue to be suits in equity to enforce mechanics' liens, and their character is in no way changed by the course of the proceedings."

Section 15 of the mechanic's lien law provides that:

"Whenever in any action brought under the provisions of this act any claimant shall fail for any reason to establish a valid lien, he may, nevertheless, recover therein judgment against the party or parties to the action for such sum or sums as may appear to be due to him, and which he might recover in an action upon a contract against the said party or parties."

And in Van Rennsselaer v. Van Rennsselaer, 113 N. Y. 213, 21 N. E. 77, the judge writing the opinion says:

"The case was tried at special term.   At the outset the defendants objected to the tribunal 'as an improper one for the trial of any question involving a personal judgment against either of the defendants,' and demanded that, if such question was to be tried, it should be by a jury trial.   This objection was not that the case as disclosed by the pleadings was only triable by a jury.   It

looked not to the case as presented by the complaint, but as it might possibly be decided at the end. Such an objection is wholly unsound. It conceded that the action as it came into court was of an equitable character, as it certainly was; but insisted that, if the final relief was to be a personal judgment, the case was one for a jury. A court of equity does not, in that manner, lose its jurisdiction, and, having once acquired it, retains it to the end, even though it may turn out that adequate relief is reached by a merely personal judgment."

The motion here, however, was made upon the ground "that the case as disclosed by the pleadings was only triable by a jury"; and, if that appears, then the fact that it is called an action to foreclose a mechanic's lien would no more entitle it to a trial at the special term than if it was called a judgment creditor's action, if in point of fact it was neither. Upon the face of the complaint it appears that no lien is claimed against any of the defendants except the owners of the fee of the land. As to them, the right to a lien did not exist when the notice was filed, nor could it possibly be maintained in this action. The complaint alleges that the defendants other than the owners of the fee entered into an agreement by which the defendant Chatterton was to erect a grand stand on the premises on the occasion of the dedication of Grant's monument; that out of the gross receipts the lumber bills were to be paid, as well as other expenses, and the profits divided in certain proportions; and that the plaintiffs, at Chatterton's request, sold certain lumber to the defendants to be used in the erection of the grand stand. The owners of the fee were never at any time the owners of the reviewing stand, or of the material which entered into its construction. By the terms of the agreement set out in full in the complaint the defendant Chatterton was to erect the stand, assuming all the expense thereof, and of taking down and removing the same; in which latter event the lumber and other materials were to belong to and be the property of the said Chatterton, and it was to be removed as promptly as possible after April 27, 1897. It further appears that the lease of the premises to Chatterton began on April 19, 1897, and expired on the 6th of May following, and that the notice of lien was filed against the real estate on which the grand stand had stood one day after Chatterton's lease had expired. Upon the motion to strike from the calendar, it further appeared that the plaintiffs had entered into a stipulation with the owners of the fee that they would not "seek or attempt to obtain or enforce any judgment herein against the premises described in the notice of lien heretofore filed by the plaintiffs."

Without placing any great weight upon this stipulation, which is only valuable as favorable to the inference that the plaintiffs themselves realized that they had not stated a good cause of action in a mechanic's lien suit, we must, as already suggested, determine the question from the complaint, and regard it for that purpose just as though the owners of the fee had interposed a demurrer. If a demurrer would be sustained upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the owners of the fee, then we think it must be conceded that, whatever the action may have been called, it was not one for the foreclosure of a mechanic's lien, or entitled to be tried at the special term. If

Chatterton, the builder and owner of the grand stand, had been a lessee for several months or years of the premises, a lien could have been enforced against the grand stand, and against Chatterton's interest in the real estate, but no further.    As appears from the complaint, Chatterton's interest in the real estate had ceased before the notice of lien was filed, and the plaintiffs do not attempt to assert any lien against the temporary structure.    This is not a case, therefore, where there are sufficient allegations in the complaint, which, if supported by proof, would establish a valid lien, or result in a failure to maintain the lien if there was a defect of proof on the trial; but it is one in which it is apparent from an inspection of the complaint that no lien existed, or could exist, when the suit was commenced. In other words, the allegations of the complaint would support an action for the contract price of the goods.    But the error into which the court below fell in granting the motion was in laying too much stress upon the fact that the complaint was in form one to foreclose a lien, and overlooked the fact that by the very allegations of the complaint it was a legal impossibility that any lien should exist as against the owners of the fee.    In the illustrations made use of by the court below in comparing the stipulation between the plaintiffs and the fee owners to a bond given to release a mechanic's lien, or to deposit money, it failed to recognize that in the latter cases the lien, which was valid in the beginning, was merely transferred to the fund, or enforced as against the bond instead of the property.    But in those cases there is presumably a valid lien, and only the form of the security is changed.    Here, however, considering the allegations of the complaint as true, they do not allege a valid lien.    The difference between this case and the instances referred to of substituted security for a presumptively valid lien, lies in the distinction which must be observed between an action brought upon seasonable allegations, and which may or may not succeed upon the trial, and one where, as here, the complaint itself reveals the absence of a statutory lien.

As our reading of the complaint, therefore, has brought us to the conclusion that no valid lien is asserted in the complaint, and the action was one in which nothing could be recovered but the contract price of the lumber, which, of course, is but a simple action at law, it was properly triable before a jury, and the motion to strike it from the special term calendar should have been granted.    No statute can deprive a party of a trial by jury of the issue raised in an action, where no lien has ever been acquired, or other ground of equitable jurisdiction has existed.

The order is accordingly reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the moving defendants to abide the event.    All concur.