## TINLEY v. VAN WERT.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

CONTRACTS—ENTIRE CONTRACTS—PARTIAL PERFORMANCE.

> Where a party contracted to do all the work and furnish all the material in a job of painting and papering, and was to be paid upon the completion of the work, he was not entitled to recover any amount for a partial performance of his contract.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1214.]

Appeal from Special Term, Albany County.

Action by Charles Tinley against Maude C. Van Wert. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

· W. Everitt Van Wert, for appellant.

Mead & Hatt (George J. Hatt, 2d, of counsel), for respondent.

COCHRANE, J. This is an action to foreclose a mechanic's lien. The complaint alleges that plaintiff performed services, consisting of painting and paper hanging in the buildings and on the premises of the defendant, and that he furnished material therefor, "all of which amounted, at the price agreed upon therefor, to and of the reasonable worth and value of $227.37, which said services performed and materials furnished were so performed and furnished upon the order and retainer, and with the consent, of the defendant, and were to be paid for upon the completion of said work, which was on the 7th day of August, 1905, and on the 7th day of August, 1905, upon the completion of said work and furnishing of said materials, the defendant was indebted to the plaintiff in said sum of $227.37 therefor." The complaint also contains· appropriate allegations as to filing the lien and serving notice thereof, alleges that $80 has been paid by the defendant, and demands the foreclosure of such lien and a personal judgment against defendant for the unpaid balance of $147.37, with interest.

The contract as thus alleged was clearly an entire contract, and according to its terms payment thereunder did not become due until "the completion of said work, which was on the 7th day of August, 1905." The answer specifically denies completion. It therefore became necessary for the plaintiff to prove performance of the contract in order to establish his right to recover. At the trial the court for its information submitted certain questions to the jury. The answers of the jury to such questions were adopted by the court, and are embodied in the decision which constitutes the basis of the judgment. The facts as thus determined are that the plaintiff was employed by the defendant to do all the work and furnish all the material in painting and papering required to be done by the defendant in her buildings and on her premises, and which work and materials were to be paid for upon the completion of said work; that "the plaintiff did not sub-

stantially comply with his agreement to do all the work painting and papering required to be done by defendant"; and that the "services were reasonably worth, at the rate agreed upon, over and above the sum of $80 admitted by the pleadings to have been paid thereon, the sum of $117." The court determined as a conclusion of law that plaintiff was not entitled to a foreclosure of his lien, but directed a personal judgment against the defendant for said sum of $117, with interest and costs.

There seems to be some discrepancy between the contract as alleged in the complaint and the contract as found by the court. But such discrepancy is of no importance on this appeal, because either the contract as alleged or the contract as proved required substantial performance by plaintiff before he could recover. Plaintiff not having performed his contract, it was error for the court to permit him to recover any amount thereunder.

Plaintiff urges that, as the services and material were in fact reasonably worth the amount for which judgment has been directed, the judgment should be sustained, regardless of plaintiff's failure to substantially perform his contract. There may be cases where, because of the difficulty or impracticability of performing a contract according to its strict letter, or for other special reasons, a party should be permitted to recover on a quantum meruit, notwithstanding a failure by him to wholly perform such contract. But this does not appear to be such a case, and the complaint is not framed on such theory.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.