## HOGG v. LARCHMONT YACHT CLUB.

### (Supreme Court, Appellate Term.   May 9, 1912.)

WORK AND LABOR (§ 14*)—RECOVERY FOR SERVICES—CONTRACT—QUANTUM MERUIT.

One who contracts to do a particular thing within a specified time, and fails to do as he agrees, cannot recover on a quantum meruit for any part of the services which he has contracted to perform.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 31–33; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by James A. Hogg against the Larchmont Yacht Club. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

R. Floyd Clarke, of New York City, for appellant.
Norman P. S. Schloss, of New York City, for respondent.

SEABURY, J. The plaintiff entered into a written contract with the defendant, wherein and whereby he agreed to do a particular thing within a specified time. The evidence establishes that the plaintiff failed to do that which he contracted to do. The motion to dismiss the complaint should therefore have been granted. The rights of the parties were fixed and determined by the written contract, and the court could not, by amending the complaint so as to allege a cause of action on a quantum meruit, alter or impair the rights of the parties under the contract. Rights under a contract cannot be canceled by the simple process of amending the pleadings.

The judgment should be reversed, and the complaint dismissed, with costs.

GERARD, J., concurs.

GUY, J. The defendant appeals from a judgment in favor of plaintiff for $64 in an action brought to recover for work, labor, and services. The work, labor, and services are alleged to have been rendered under a written contract, whereby plaintiff was employed by defendant to "clear out all the rats, mice, roaches, bugs, and every other kind of vermin that may be in the Larchmont Yacht Club, or buildings belonging to it, on the premises at Larchmont, New York," at a rate of $200 per annum for the first year, payable in monthly installments, with provision for the continuing of the contract in subsequent years. The contract also contained a provision that plaintiff should clear out the premises within a month, and keep them cleared out thereafter, and that, should his work not be entirely satisfactory to the house committee, or the superintendent of the club, the agreement might be terminated at any time by the house committee or the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

superintendent, without any obligation on the part of the club, other than to pay plaintiff his pro rata compensation up to the date of such termination of the contract.

Plaintiff entered upon his work, and, though he failed to exterminate the vermin, and his work was unsatisfactory, was paid three successive monthly installments, and continued to perform work, through an employé of plaintiff, for a period of five months thereafter, though defendant repeatedly complained of his failure to perform his contract. On August 15, 1911, the defendant wrote to plaintiff, complaining again of his failure to carry out his contract, and refusing to pay the monthly installments then claimed by plaintiff to be due, unless plaintiff came up himself, saw the conditions, and remedied them. The letter further states:

"If you don't come up this week and do so, we will terminate your contract and hire somebody else."

On August 16, 1911, plaintiff replied by letter to defendant stating:

"The only thing to do to get rid of the bugs in the help's quarters is to fumigate the entire section. As this is an extremely costly operation, * * * I cannot afford to do this in my present contract, but still will be glad to do it at cost, viz., $50."

On September 12, 1911, defendant wrote plaintiff:

"As we cannot get you to fill your part of the contract, we have considered it canceled."

At the conclusion of plaintiff's case, defendant moved to dismiss the complaint, on the ground that plaintiff had failed to show substantial performance of his contract. The court then permitted plaintiff, over the objection and exception of defendant's counsel, to amend the pleadings to conform to the proof, and to allege a quantum meruit. The defendant appellant now contends that the granting of the amendment, and the awarding of judgment on a quantum meruit, was error.

Assuming the granting of the amendment to have been within the discretion of the court, I am of the opinion that the evidence did not warrant the awarding of judgment in favor of plaintiff on a quantum meruit. Having himself proved a special contract, and the evidence showing conclusively that he failed to substantially perform the same, the law will not imply a contract for the value of such portion of the work as plaintiff did perform. A cause of action under an express contract cannot be so divided that recovery can be had partly on a general account. 4 Cyc. 326, 328; Exeter Machine Works v. Wonham-Magor Eng. Works, 134 App. Div. 386, 119 N. Y. Supp. 105. The written contract, when in evidence, fixed and determined the rights of the parties; and, plaintiff not having performed his contract, it was error for the court to permit him to recover any amount thereunder. Tinley v. Van Wert, 119 App. Div. 738, 104 N. Y. Supp. 3.

The judgment must therefore be reversed, and the complaint dismissed, with costs to appellant.