# THE

# NEW YORK SUPPLEMENT

## VOLUME 139

(79 Misc. Rep. 49.)

### GERSMANN v. WALPOLE et al.

(Supreme Court Court, Appellate Term, First Department. January 9, 1913.)

1. WORK AND LABOR (§ 14*)—ACTIONS—CONTRACTS—PERFORMANCE.

Recovery on a written building contract and enforcement of a mechanic's lien on the building cannot ·be had in an action on quantum meruit, unless substantial compliance be shown; mere excuses not being a sufficient substitute for actual performance.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

2. JURY (§ 14*)—JURY TRIAL—EQUITABLE PROCEEDINGS.

Where an undertaking has been given to discharge a mechanic's lien, and the sureties are made parties defendant, the action to foreclose is triable by the court without a jury; the court having a constitutional right to determine the disputed facts, as the proceeding is an ·equitable one.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. § 14.*]

3. JURY (§ 13*)—JURY TRIAL—EQUITABLE ACTION—COUNTERCLAIM FOR MONEY ONLY.

No right to a jury trial upon a counterclaim interposed in an equity suit exists at common law, and consequently, where one is interposed in which the defendant demands a judgment for money only, ·the trial of such issue by jury is discretionary.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35–83; Dec. Dig. § 13.*]

4. JURY (§ 25*)—EQUITABLE ACTIONS—DEMAND.

Under court rule 31, the privilege of a jury trial on the issue raised by counterclaim must be applied for within 10 days after joinder of issue, and consequently an application made months after the joinder of issue is properly denied.

[Ed. Note.—For other cases, see Jury, ·Cent. Dig. §§ 154–173; Dec. § 25.*]

ō. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.

No appeal lies from a judgment by default.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

139 N.Y.S.—1

Appeal from City Court of New York, Special Term.

Action by Rudolph Gersmann against Mary Walpole and others. From a judgment for plaintiff, defendants appeal. Judgment as to the named defendant reversed and remanded.

The trial was by the court, and the notice of appeal brings up for review an order denying a motion made by defendant Walpole for an order framing the issues arising upon her counterclaim and for a jury trial.

Argued December term, 1912, before SEABURY, GUY, and GE-RARD, JJ.

Wise & Seligsberg, of New York City (Clifford H. Owen, of New York City, of counsel), for appellants.

Katz & Sommerich, of New York City (L. E. Schlecter, of New York City, of counsel), for respondent.

GUY, J. The action is brought to foreclose a mechanic's lien, where an undertaking has been given to discharge the lien. The complaint alleges a quantum meruit for $335 and interest. Both the owner and the sureties were made defendants, and both of them appeal.

The answer of the owner denied the material allegations of the complaint and set up a counterclaim of $5,000 for breach of contract. The court found that the reasonable value of the work done and materials furnished was $1,485, of which $1,150 had been paid; also that plaintiff had substantially performed. The pleadings admitted the execution of an incomplete building contract.

[1] The plaintiff testified to the conclusion that he had done all the work specified in the contract, and had been paid all that was due except $335. He and his witness admitted that several violations had been discovered and ordered by the tenement house department to be removed, some of which had been removed, but one, costing $15 to rectify, had not been removed. Defendant's architect and others testified to substantial defects and omissions, one of which would cost $100 to $150 to rectify. In rebuttal, plaintiff failed to deny or meet this.

Plaintiff contends that this is an action on quantum meruit. This contention is erroneous; but, even if it were sound, plaintiff cannot recover on quantum meruit under a written contract without proving substantial performance. Hogg v. Larchmont Yacht Club (Sup.) 134 N. Y. Supp. 1079; Tinley v. Van Wert, 119 App. Div. 738, 104 N. Y. Supp. 3. Excuses are not a substitute for substantial performance, conclusions as to performance are not proof thereof, and the very substantial defects, omissions, and violations proven defeat a recovery. Easthampton Lumber Co. v. Worthington, 186 N. Y. 407, 408, 413, 79 N. E. 323; Id., 186 N. Y. 581, 582, 79 N. E. 325; Fox v. Davidson, 36 App. Div. 159, 161, 162, 55 N. Y. Supp. 524; Smith v. Ruggiero, 52 App. Div. 382, 65 N. Y. Supp. 89, affirmed 173 N. Y. 614, 66 N. E. 1116.

[2] Defendant Walpole also brings up for review the order denying her motion to frame certain issues arising upon the counterclaim and for a jury trial of said issues. An action to foreclose a mechan-

ic's lien, where an undertaking has been given to discharge the lien, and where the 'sureties on the undertaking are parties defendant, is triable by the court without a jury. Schillinger Cement Co. v. Arnott, 152 N. Y. 584, 590, 592, 46 N. E. 956; Valett v. Baker, 129 App. Div. 514, 515, 114 N. Y. Supp. 214; Mertz v. Press, 99 App. Div. 444, 91 N. Y. Supp. 264. The right of a trial justice in an equity suit to satisfy his own conscience as to the facts without the aid of a jury is as much of a constitutional right as is the right of jury trial in action at law where the material facts are disputed. Shepard v. Manhattan Ry. Co., 131 N. Y. 215, 223–226, 30 N. E. 187.

[3, 4] Where a counterclaim is interposed in an equity action in which defendant demands judgment for a sum of money only, as a "counterclaim in an equity suit is not a case where the right to a jury trial existed at common law," a trial of such issue by a jury is discretionary. Mackellar v. Rogers, 109 N. Y. 468, 472, 17 N. E. 350; Bennett v. Edison Ill. Co., 164 N. Y. 131–133, 58 N. E. 7; Smith v. Fleischman, 23 App. Div. 355–359, 48 N. Y. Supp. 234. The privilege of a jury trial of the issue raised by a counterclaim must be applied for within 10 days after the joinder of issue. Rule 31; Arnot v. Nevins, 44 App. Div. 61, 62, 60 N. Y. Supp. 401. In the case at bar issue was joined December 26, 1911, the motion to frame issues was delayed until May 31st following, and the motion was therefore properly denied.

[5] The defendants Farrel and O'Mally defaulted in the court below and a judgment was entered against them by default. The appeal taken by them must therefore be dismissed, but without prejudice to such action in the lower court as they may be advised.

Judgment as to defendant Walpole reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

