### LEVINS v. PHILLIPS et al.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. WORK AND LABOR ☞14—PART PERFORMANCE OF CONTRACT—EXCUSE FOR NONPERFORMANCE—STRIKE.

　　Where one who had contracted to do the plumbing for a certain building was obliged to give up the work after doing about one-fifth of it, because the owner let the contract for part of the work to steam-fitters instead of to plumbers, and the plumbing contractor's men thereupon struck, he cannot recover from the owner on quantum meruit for the amount of the work already done, since necessity, not resulting from the wrongful acts of the other party, does not excuse the nonperformance of a contract.

　　[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. ☞14; Contracts, Cent. Dig. §§ 1476, 1477, 1493, 1554.]

2. WORK AND LABOR ☞14—EXPRESS CONTRACT—PERFORMANCE PREVENTED.

　　One who has contracted to do certain work at a fixed price, but is prevented from doing so by the other party, can recover for the value of the work done and material furnished up to that time.

　　[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. ☞14; Contracts, Cent. Dig. §§ 1476, 1477, 1493, 1554.]

Appeal from City Court of New York, Trial Term.

Action by John P. Levins against Moses Phillips and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Hirsh & Newman, of Brooklyn (Benjamin Reass, Emanuel Newman, and Hugo Hirsh, all of Brooklyn, of counsel), for appellants.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent.

COHALAN, J. Plaintiff sued for work, labor, and services, and materials furnished. The action was brought upon the theory of a quantum meruit. It appears that the parties on June 30, 1912, made an agreement whereby, for the sum of $4,975, the plaintiff was to do the plumbing work on a factory in process of erection by the defendants.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] On August 15, 1912, a strike was declared by the Journeymen Plumbers' Association against the defendants, on the ground that the defendants had given out the contract for standpipes and fire lines to the H. G. Vogel Company, a corporation employing steam-fitters. The Plumbers'·Union claimed that the awarding of this contract to steam-fitters, instead of to plumbers, was an interference with their rights and the rights and rules of the union. Plaintiff, therefore, claimed that it was prevented from proceeding with the work. In brief, the strike was called because union steam-fitters were doing the work, instead of union plumbers. The defendants endeavored to persuade the plaintiff to proceed with his contract, and eventually was compelled to complete the same to his damage in the sum of $750. The sole question in the case was whether or not the plaintiff could avoid his contract through the interference of a labor union. The court submitted the case to the jury on the tl ɔory that the defendant gave the contract to the Vogel Company with the knowledge that trouble would occur between the labor unions and the contractors, that this operated to release the plaintiff from the performance of the contract, and entitled him to recover on a quantum meruit for the work actually done.

We are of the opinion that this was error. The plaintiff was bound to complete his work, whether or not he used union men. The defendants had an undoubted right to give the contract to the Vogel Company, as that company had a legal right to accept it. The defendants surrendered no rights to manage their affairs by entering into the contract with the plaintiff. They were at liberty to let out work with other contractors for a different class of work, which in no way conflicted with the duty and obligation assumed by the plaintiff. The rule of law in this state is that, where a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any question of delay by inevitable necessity, because he might have provided against it by contract. Cameron-Hawn Co. v. City of Albany, 207 N. Y. 377, 101 N. E. 162, 49 L. R. A. (N. S.) 922; Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142.

[2] The plaintiff had not even substantially performed his contract. He had done about one-fifth of the·work. If he had been wrongfully discharged from his performance of the contract, and had been prevented by the defendants from completing it, the plaintiff had an undoubted right to ignore it and recover the value of the work done and the material furnished. Upon the facts in this case, he could not ignore his contract, and sue to recover on a quantum meruit, unless he proved a substantial performance of it. Gersmann v. Walpole, 79 Misc. Rep. 50, 139 N. Y. Supp. 1; Tinley v. Van Wert, 119 App. Div. 738, 104 N. Y. Supp. 3. The evidence does not show that there was an issue of fact in the case for the jury to consider. ·

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.