# HENRY LEHMAN, Respondent, v. L. T. COULTER, Appellant.

(168 N. W. 724.)

**Chattel mortgage — action to foreclose — equitable action — allegations of complaint admitted by answer — disposes of equitable matters — counterclaim for money demand — also pleaded in answer — jury trial on counterclaim demanded — defendant entitled to jury trial — strict legal right to.**

Where one brings an action to foreclose a chattel mortgage, and the answer admits all of the allegations of the complaint, all of the equity matters in such case are disposed of, and there is nothing before the court further to be considered in such equity proceedings; and where the answer, in addition to admitting all the allegations of the complaint in such equity proceedings, pleads two counterclaims for specific amounts for the recovery of money only, and at the time of the trial demands a jury trial,—such jury trial cannot be denied to him, and he is entitled to such jury trial as a matter of strict legal right.

Opinion filed December 19, 1918. Rehearing denied July 19, 1918.

Appeal from the judgment of the District Court of Stark County, Honorable *W. C. Crawford*, Judge.

Reversed.

*F. C. Heffron*, for appellant.

*L. A. Simpson*, for respondent.

GRACE, J. This action is brought for the purpose of obtaining judgment for a promissory note in the foreclosure of a certain chattel mortgage given to secure such note, and thereby have the property described in such chattel mortgage sold and the proceeds thereof applied on the judgment.

The answer admitted the execution of the note and chattel mortgage in that it admitted all the allegations of the complaint.

The proceeding to foreclose the chattel mortgage was an equitable action triable to the court. The answer having admitted all of the allegations of the complaint, all of the matters in equity in such case were disposed of, and there remained nothing for the court to do except to give judgment for the relief demanded in the complaint.

The defendant, after admitting all of the allegations of the complaint as above, pleaded two certain counterclaims, in which the defendant affirmed the right to recover certain specific amounts of money against the plaintiff. The first counterclaim was for the sum of $62.50, and the second counterclaim was for the sum of $2,090. Each of said amounts of money the defendant claimed to be due him on account of commissions by reason of making sales or procuring purchasers for certain horses owned by plaintiff. Defendant alleged that plaintiff and defendant entered into a verbal agreement by the terms of which the defendant was authorized to sell, or secure purchasers for the plaintiff for, 200 head of horses more or less. Defendant further alleges in his counterclaims that in pursuance of such agreement he secured a purchaser for one certain stallion for $250, and that the reasonable commission for securing such purchaser was 25 per cent of the purchase price, or $62.50. In his second counterclaim he alleges the securing of a purchaser for 209 head of horses at $100 per head,— in all $20,900, and that the reasonable commission for securing such purchaser was 10 per cent of the purchase price, or $2,090.

The defendant at the time of the trial demanded a jury trial. This was denied by the court; and this presents the only question in this appeal, which is that the court erred in denying defendant's demand for a jury trial.

The defendant's counterclaim was a cause of action against the plaintiff in which the relief sought consisted in the recovery of money only. The answer having admitted all of the allegations of the complaint, it must appear that at the time of the trial there were no equitable issues before the court upon which there was any dispute. All the matters in equity had been admitted by the answer. At the time of the trial there was nothing for the court to do except to try the issue presented by the counterclaims, which was for the recovery of money only. In such case there can be no doubt but that the defendant was entitled to have the issues presented by his counterclaims submitted to the jury, the relief demanded by his counterclaims being for the recovery of money only; and it was reversible error for the court not to grant such demand when timely made. Under the circumstances of this case there is no doubt, under the provisions of the Constitution, and the laws of the state enacted in pursuance thereof, but that the

right of trial by jury is preserved to the defendant. It is unnecessary in this case to enter into a fuller discussion of when the right of trial by jury is preserved in civil actions, it being certain in this case that the defendant was entitled to have the issues submitted by his counterclaims submitted to a jury, the relief demanded being for the recovery of money only, and all equitable issues having been admitted in the answer.

The judgment of the District Court is reversed, and the case is remanded to the lower court for trial by jury only upon the issues presented by the counterclaims, all costs to await the determination of such retrial; then to be taxed against the leasing party.

CHRISTIANSON, J. (dissenting). I am unable to concur in the majority opinion prepared by Mr. Justice Grace.

The instant case is one to foreclose a mortgage. The defendant in his answer admits the cause of action alleged in the complaint, and sets up two counterclaims for commissions claimed to be due him for services performed in selling certain horses belonging to the plaintiff.

It is conceded that the cause of action set forth in the complaint is one properly triable to the court without a jury. But it is asserted that, inasmuch as the cause of action set forth in the complaint was admitted in the answer, there remained no equitable issues to try; that the only issues remaining were the legal ones raised upon the counterclaims, and that defendant was entitled to have these tried to a jury. The sole question presented, therefore, is whether the defendant is entitled to a jury trial of the issues raised by the counterclaims.

Under our statute "an issue of fact *in an action for the recovery of money only or of specific real or personal property* must be tried by a jury, unless a jury trial is waived . . . or a reference is ordered. . . . *Every other issue is triable by the court,* which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury or by a referee." Comp. Laws 1913, § 7608.

It is well settled that the interposition by the defendant of a legal defense to an equitable cause of action does not change the character of the action or entitle defendant to a jury trial. Gresens v. Martin,

27 N. D. 231, 145 N. W. 823; 24 Cyc. 126; see also Avery Mfg. Co. v. Crumb, 14 N. D. 57, 103 N. W. 410, and Merrett v. Adams County Land & Invest. Co. 29 N. D. 496, 151 N. W. 11. And by the great weight of authority a defendant who pleads a counterclaim in an equitable action is not (in absence of statute) entitled to a jury trial on the issues arising thereon, "notwithstanding the cross demand constitutes an independent cause of action, upon which a separate action might have been brought and a jury trial demanded." 24 Cyc. 127, 128; 16 R. C. L. p. 213, § 30; Johnson Service Co. v. Kruse, Ann. Cas. 1914C, 850, and note (121 Minn. 28, 140 N. W. 118); Gersmann v. Walpole, 79 Misc. 49, 139 N. Y. Supp. 1.

There is no logical reason for holding that defendant's admission of the allegations in the complaint changed or abrogated the rule. Such admission merely dispensed with the introduction of proof upon the issues tendered by the complaint. The issues tendered by the counterclaims would have remained the same even though the allegations of the complaint had been denied. If, in the instant case, defendant had denied the allegations of the complaint, it would have been necessary to have tried and determined the issue thus raised. But a determination thereof would in no manner have affected the issues raised on the counterclaims. These issues would still have remained exactly as they did upon the trial of this case.

While the different forms of civil actions have been abolished by the reformed procedure, the intrinsic distinction between legal and equitable actions has not been destroyed. Black v. Minneapolis & N. Elevator Co. 7 N. D. 129, 133, 73 N. W. 90. The existence of this distinction is recognized in the various states where the reformed procedure has been adopted. It has frequently been recognized by this court and was recognized by the legislature in § 7608, supra. The legislature therein preserved the right of trial by jury in all actions of a strictly legal, as contradistinguished from those of an equitable, nature. In cases of the latter class a right of trial by jury as a matter of absolute right does not exist.

A civil action is a proceeding instituted in a court of justice by a party known as the plaintiff against another party known as the defendant, the object of which is to obtain a judgment against the defendant for the enforcement of a civil right, or the redress or preven-

tion of a civil wrong. Comp. Laws 1913, § 7330. See also Brower v. Nellis, 6 Ind. App. 323, 33 N. E. 672, and Bouvier's Law Dict. It is not necessary to wait until a defendant answers in order to determine the character or object of an action. This is determinable from, and depends upon, the facts set forth in the complaint. While the defendant may raise new issues, he cannot by averments in his answer change the character of the action. This still remains as set forth in the complaint.

The legislature has nowhere intimated that it intended to permit a defendant to change an action from one in equity to one at law, by means of allegations of new matter in the answer. Nor has it said that every issue of fact relating to the recovery of money or of specific real or personal property shall be triable to a jury, or that such issue shall be so triable when presented by defendant as a defense or counterclaim in an equitable action. On the contrary it has expressly and unequivocally said that the absolute right to a trial by jury of an issue of fact exists only when such issue arises *"in an action for the recovery of money only or of specific real or personal property."*

Manifestly the instant case was not such an action. It was concededly one of equitable cognizance, and, hence, properly triable to the court without a jury. Not only is it so classified under our statutes, but "it is a fundamental principle that the right of trial by jury considered as an absolute right does not extend to cases of equity jurisdiction." 7 Enc. U. S. Sup. Ct. Rep. 756.

An action properly instituted as one in equity cannot be transformed by the defendant into one at law. And as a party who institutes an equitable action will be deemed to have waived a jury, even though upon the evidence he may be entitled to either legal or equitable relief, so a party who elects to interpose a counterclaim of a legal nature in an equitable action should (in absence of qualifying statute or constitutional provision) be deemed to have waived the right to have the issues arising thereon submitted to a jury.

In my opinion the trial court was well within its rights in denying a jury trial in this case.

PER CURIAM. The petition for modification of the opinion has been filed with reference to costs only. The opinion in the case reversed the

judgment and remanded the case to the lower court for trial by jury on issues presented by the counterclaim, and provided that all costs in the trial court await the determination of such new trial, then to be taxed against the losing party. The decision of this court was in appellant's favor, and judgment entered in the lower court was reversed. This being true, the appellant is entitled to tax the statutory costs on appeal.

The appellant is entitled to tax the statutory costs on appeal, all other costs to be disposed of as provided for in the decision. There is nothing further in the petition for rehearing, and rehearing is denied.