(129 App. Div. 514.)

### VALETT et al. v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. TENDER (§ 26*)—PAYMENT INTO COURT—OPERATION AND EFFECT.

   The nature of an action to foreclose a mechanic's lien is not changed by a payment into court in discharge of such lien, but it continues to be a suit in equity.

   [Ed. Note.—For other cases, see Tender, Dec. Dig. § 26.*]

2. MECHANICS' LIENS (§ 245*)—NATURE OF ACTION TO FORECLOSE.

   Where plaintiff prays that a mechanic's lien be adjudged, that the money paid into court in discharge of the lien be applied on the amount due, and that plaintiff have judgment for the deficiency, if any, the action is similar to a suit to foreclose a mortgage, and the procedure is conformable thereto.

   [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 245.*]

3. SET-OFF AND COUNTERCLAIM (§ 42*)—DEMANDS OF CODEFENDANT.

   Under Code Civ. Proc. § 3416, providing that if, on the sale of property under judgment of a court of record, there is a deficiency of proceeds to pay plaintiff's claim, judgment may be docketed for the deficiency against any person liable therefor, who should be adjudged to pay the same in like manner as in judgments for deficiency in foreclosure cases, one of several joint defendants in an action to foreclose a mechanic's lien may by separate answer interpose a counterclaim arising from a contract between plaintiff and such defendant.

   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 80; Dec. Dig. § 42.*]

Appeal from Kings County Court.

Action by Meyer Valett and another against Joseph J. Baker and another. From a judgment for plaintiffs, defendants appeal. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James A. Sheehan, for appellant Finberg.
Charles B. Barfield, for respondents.

JENKS, J. This is an appeal from a judgment of the County Court in an action to foreclose a mechanic's lien brought against the tenants in common. One of the defendants by separate answer pleaded a counterclaim arising out of a contract between the plaintiffs and that defendant. The learned County Court found that the counterclaim could not be sustained in this action, and dismissed it without prejudice. Although the defendants had paid money into court in discharge of said lien, the character of the action was not changed. It continued as a suit in equity to enforce a mechanic's lien. Schillinger Cement Co. v. Arnott, 152 N. Y. 584, 46 N. E. 956. The plaintiffs prayed that the lien be adjudged, that the money in court be applied so far as it would discharge the lien, and that the plaintiffs have judgment against the defendants for any deficiency that might remain after such application. Such a suit is like unto a suit for the foreclosure of a mortgage, and the procedure is made conformable thereto. Cody v. Turn Verein, 48 App. Div. 279, 64 N. Y. Supp. 219, affirmed 167 N. Y. 607, 60 N. E. 1108. Section 3416 of the Code of Civil Procedure provides:

"If upon the sale of the property under judgment in a court of record there is a defficiency of proceeds to pay the plaintiff's claim, judgment may be docketed for the deficiency against any person liable therefor, who shall be adjudged to pay the same in like manner and with like effect as in judgments for deficiency in foreclosure cases."

In Hunt v. Chapman, 51 N. Y. 555, an action to foreclose a mortgage on realty, the Court of Appeals held that it was not only an action against the defendant Chapman, impleaded, upon his contract to pay the amount specified in his bond, but it was one in which, under the Code, a several judgment might be had as between the plaintiff and the defendant Chapman, and hence was subject to a counterclaim of any other cause of action arising also on contract which Chapman had against the plaintiff at the time of the commencement of the action. This doctrine was approved and reasserted in American Guild v. Damon, 186 N. Y. 360, 78 N. E. 1081. In that case the court, per Cullen, C. J., said that the action was not only to foreclose a mortgage, but to recover a judgment against each defendant for any deficiency which might arise on the sale of the mortgaged property, and further said:

"There is nothing in the case to show that the loan was not made to both defendants, and on the face of the bond and mortgage the debt appears to be that of both. However that may be, the plaintiff has sought to recover on a personal claim against the defendant Joseph, and by seeking such relief it subjected its whole cause of action to any valid counterclaim that Joseph might have."

I think that the judgment must be reversed, and a new trial must be ordered; costs to abide the final award of costs. All concur.