HOWARD et al. v. MAGAZINE & BOOK CO.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. BANKRUPTCY (§ 154*)—ACTIONS—COUNTERCLAIM.

A claim based on a breach of contract by a bankrupt after the bankruptcy is not available as a counterclaim against a claim for services or materials supplied by the trustees in bankruptcy, while continuing a contract partly performed by the bankrupt, because of want of mutuality, though, under Bankr. Act July 1, 1898, c. 541, § 68a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), the claim is available as against any claim of the bankrupt set up by the trustees.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 154.*]

2. BANKRUPTCY (§ 303*)—ACTIONS—COUNTERCLAIM—BURDEN OF PROOF.

Where a claim of trustees in bankruptcy, consisting of a demand for services and materials furnished by the bankrupt and by the trustees, was admitted, defendant, asserting a counterclaim available only against the claim for services and materials furnished by the bankrupt, had the burden of affirmatively proving the counterclaim, and of showing against what sum, if any, the counterclaim was available, and the trustees were not required to separate the items of services and materials furnished by the bankrupt from those furnished by themselves after bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

Kellogg and Betts, JJ., dissenting.

Appeal from Trial Term, Broome County.

Action by Archibald Howard and another, trustees in bankruptcy, against the Magazine & Book Company. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lewis Seymour (John G. Pembleton, of counsel), for appellants. Leon Lewin, for respondent.

SMITH, P. J. The appellants, as trustees in bankruptcy, sued respondent upon a claim for services and materials of the alleged value of $92.75, furnished ·by the bankrupt *and by themselves as receivers and trustees in bankruptcy* between March 11 and August 3, 1909. Respondent answered, setting up a counterclaim of $1,500 for failure of the bankrupt to carry out a certain advertising contract during the months of April, May, June, July, and August, 1909. Upon the trial an admission of the claim as stated was made by respondent in open court, and also that the bill had not been paid. It was further admitted that the market value of the advertising space involved was $1,500, and the appellants introduced some evidence tending to show that the bankrupt had made full settlement on account of this contract. Both parties moved for judgment, whereupon the court allowed respondent's counterclaim to the extent of appellant's claim as admitted, and directed a judgment for costs in respondent's favor. The petition in bankruptcy was filed April 12, 1909, and the adjudication of bankruptcy was made April 29, 1909. The record gives no information as to how much of the total services and materials sued for by appellants had been furnished by them as receivers and trustees, and how much had been furnished by the bankrupt. It contains no items of appellants' claim and no dates regarding it, other than the two including dates mentioned.

[1] It seems clear that the counterclaim was, as pleaded, against the bankrupt, even although it was on account of damages for failure to perform a contract subsequent to the date of the bankruptcy. Receivers and trustees in bankruptcy are not obliged to continue to perform the contracts of the bankrupt, and damages growing out of such failures are properly claims against the bankrupt, and not against the receivers or trustees as such. A claim of this sort, even if unliquidated, may constitute a proper set-off against any claim of the bankrupt set up by the trustees, inasmuch as there is then a mutuality of the debts and credits and they are in the same right. See Bankr. Act,. § 68a; Loveland on Bankruptcy (3d Ed.) p. 371; Collier on Bankruptcy (8th Ed.) pp. 792, 796. But it is not apparent how a claim against a bankrupt may be set up as against a claim for services or materials supplied by the trustees, even if they in so doing are but continuing a contract partly performed by the bankrupt. They then represent in general the creditors of the bankrupt's estate rather than the bankrupt, and if they elect to perform an outstanding contract,. which is prima facie terminated by the bankruptcy, their right to payment therefor cannot be affected by any offset not mutual and in the same right. At page 376, Loveland lays down the rule as follows:

"A debt to or from the trustee in bankruptcy and arising after the bankruptcy in the management of the estate cannot be set off against a debt due from or to the bankrupt before the bankruptcy."

Although only English cases are cited for this doctrine it may be noted that Judge Denman in the case of Alloway v. Steere, 10 Q. B. D. 22, in holding a set-off of money owed by the debtor before the

liquidation proceedings not available in an action by the trustee growing out of matters arising since his appointment, bases his decision upon principle as well as upon the statute. The general principle that set-offs are allowed only when debts are mutual and in the same right is further illustrated by the rule forbidding set-offs against executors and administrators, when suing upon matters arising since the death of the testator or intestate of debts owing by such testator or intestate. In 34 Cyc. 722, the text reads:

"In an action on a debt payable to an administrator, a debt due defendant from the intestate cannot be set off; the demands being in different rights."

[2] The respondent claims that, even if this counterclaim was not available against the trustees, for the reason that there was no mutuality of credits, still the judgment should be affirmed, on account of the failure of the appellants to separate and prove the items of work and materials furnished by the bankrupt and by the trustee after bankruptcy, and that the court must assume from the evidence that all the services were rendered by the bankrupt. But inasmuch as appellants' claim was admitted as a whole upon the trial, it was not incumbent upon them itemize it. If respondent's counterclaim was in law available only against a claim for services and materials furnished by the bankrupt, and such claim was evidently a part of the appellants' entire claim, it was incumbent upon the respondent upon the trial so as to have itemized appellants' total claim as to show what amount, if any, was subject to its offset. Respondent clearly had the burden both of affirmatively proving in general its counterclaim and also of showing as against what sum, if any, the sum claimed to be a counterclaim could be offset. To allow the present judgment to stand, when the record shows presumptively that the trustees themselves furnished some part, at least, of the items making up their total claim, so that the counterclaim was actually allowed in part against a claim of the trustees in their own right as such, is, in my judgment erroneous.

Judgment should be reversed on law and facts, and a new trial granted, with costs to appellant to abide event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG and BETTS, JJ., who dissent.