## In re MANNESCHMIDT.

(District Court, E. D. New York.   February 13, 1913.)

BANKRUPTCY (§ 326*)—BREACH OF CONTRACT—SET-OFF.

Where a subcontract for work on certain school buildings by the bankrupt entitled the main contractor to complete the job in case of the bankrupt's inability to perform and to use for that purpose any materials and tools left on the work by the bankrupt, and the contractor suffered loss from having to complete the work, the bankrupt's claim for materials and tools used or converted and for any loss thereof by negligence could be set off against the contractor's claim for damages.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

In Bankruptcy.   In the matter of Jacob Manneschmidt, Jr.   Claim by the bankrupt's trustee to recover the value of certain tools and other property left by the bankrupt on certain contract work and appropriated or lost by the general contractor.   Referred to referee.

Phillips & Avery, of New York City, for Bottsford-Dickinson Co. Maerkle, Darius & Maerkle, of New York City, for trustee.

CHATFIELD, District Judge.   This case presents, according to the affidavits, a claim against the main contractor on two school buildings for certain materials and tools which a subcontractor (the bankrupt) testifies he had previously taken to and left at the work and which went into the possession of the main contractor when the bankrupt was forced to stop work, shortly before the petition was filed.

The trustee claims that, under the contracts, title to the material had not passed from the bankrupt, and that the tools and property (not to be used on the contract) must be accounted for by the main contractor.   Some of these have been stolen while the property was in the possession of the main contractor, and he is charged by the trustee with responsibility for the value of these also.

Under the contracts the main contractor had the right to complete and to use for that purpose any materials and tools left on the job. It is alleged that the main contractor has suffered a great loss from having to complete the work.   If so, then any claim for materials and tools used (even if conversion resulted) and for any loss by negligence would be a set-off to his claim if allowed.   This should be passed upon by the referee.

If no claim is presented, then a flat question of fact arises, and the main contractor must account for those articles which the trustee may be able to prove were taken possession of by the main contractor, and which he did not have the right to use.   The question of whether title

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to specific articles passed, when they were taken to the job, cannot be answered properly now. The issues will be referred to the referee as referee, if proof of claim brings up the question, and as special commissioner with respect to other issues presented.