## In re POTTIER & STYMUS CO.

### Petition of WHITTLESEY.

### (Circuit Court of Appeals, Second Circuit. November 12, 1919.)

### No. 10.

BANKRUPTCY ⟜140(½), 154—CREDITOR'S RIGHT OF SET-OFF AGAINST LIEN ON HIS GOODS FOR REPAIRS BY BANKRUPT.

Where furniture owned by a creditor was at the time of bankruptcy in possession of bankrupt for repairs, which had been partially completed, such creditor *held* entitled to reclaim the furniture on payment of the amount then due for work done thereon, and to set off against such amount the amount of his admitted claim.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Pottier & Stymus Company, bankrupt. On petition of Charles W. Whittlesey to revise order of District Court. Order reversed.

At the date of filing petition one Whittlesey was a creditor of the bankrupt in $718.48, and the bankrupt had possession of divers articles of furniture intrusted to it by Whittlesey for repair and improvement. This work was incomplete when bankruptcy supervened; it was, however, shown below by competent evidence that the value of the work done and materials furnished before petition filed was $991.78. A receiver took charge of the bankrupt's affairs, who refused to surrender the property in question to Whittlesey, and also refused to complete the work thereupon unless Whittlesey paid him in full for all labor and material, whether furnished before or after bankruptcy. Thereupon a written agreement was made between the receiver and Whittlesey whereby the latter agreed so to pay; but it was provided that by so doing Whittlesey did "not in any way waive any of his rights to claim from the receiver or bankrupt [estate] the return of the moneys so paid" to the extent of Whittlesey's admitted claim and alleged set-off, viz. $718.48. The District Court refused to allow the set-off, and Whittlesey filed this petition.

Walsh & Young, of New York City (John Patrick Walsh, of New York City, of counsel), for petitioner.

Zalkin & Cohen, of New York City, for receiver.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It may be admitted (though the facts shown are meager) that the bankrupt had the possessory lien of an artisan for the work and materials expended on Whittlesey's furniture. But such lien grew in amount from day to day and could at any time be adjusted or measured in money, and as well on the day of filing petition as any other. It is also true that the receiver or other officer representing the bankrupt estate was not bound to complete the Whittlesey job; it was like any other contract made by a bankrupt. Howard v. Magazine, etc., Co., 147 App. Div. 335, 131 N. Y. Supp. 916. If Whittlesey's work had been completed by the receiver, without any reservation of right or claim by Whittlesey, a different situation might have arisen; as the case stands, we need not consider that question.

Admittedly Whittlesey has no right to set off the bankrupt's debt against a demand by the receiver for work done by himself; the debts or credits are not mutual within the meaning of section 68 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. § 9652]). But what Whittlesey insisted on below, and now urges, is that what he owed Pottier & Stymus for their work and material should be ascertained as of the date of petition filed, and he be allowed to set off his admitted debt against that amount. That this position is right, we do not doubt. The possessory lien of an artisan stands upon no higher ground than the statutory mechanic's lien, and that set-off is allowable in foreclosure of such liens is settled. Valett v. Baker, 129 App. Div. 514, 114 N. Y. Supp. 214, and cases cited. Nor is it necessary to the exercise of set-off that the demand should be matured or presently due at date of bankruptcy. We so held in respect of the creditors' claim, and there is no difference between that and a claim by the bankrupt. In re Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551, appeal dismissed as Conboy v. First National Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128.

It is further urged, in support of the result below, that petitioner is estopped from now claiming to exercise the right of set-off because he made a new contract with the receiver. This is a mere matter of construing the agreement; in our opinion the reservation of Whittlesey's rights was complete. The position originally taken by the receiver was that to grant the set-off created a preference. It is quite true that set-off does work a sort of preference; but, while the Bankrupt Act itself creates preferences, it does not create, but recognizes, set-offs (Studley v. Boylston Bank, 229 U. S. at 528, 33 Sup. Ct. 806, 57 L. Ed. 1313); indeed, a set-off may be described as a sort of lawful preference.

At the most the bankrupts were bailees of Whittlesey's furniture, and the receiver or trustee acquired no title whatever to the same. In re Wright-Dana, etc., Co., 211 Fed. 908, 128 C. C. A. 286. His only right thereto arose from a lien capable of ascertainment or valuation. The receiver, therefore, erred in not surrendering the property on demand, and payment of any balance due after allowing the set-off demanded.

The order appealed from is reversed, and the matter remanded for further proceedings not inconsistent with this opinion. If the receiver or trustee desires to combat the evidence offered by the petitioner as to the value of the work done by Pottier & Stymus before bankruptcy, he may at his own costs and charges take a reference for that purpose; but against whatever may turn out to be the value of such work, labor, and material Whittlesey is entitled to set off his admitted demand, $718.48. He is also granted the costs of this court.