BENJAMIN SIEGEL, as Trustee in Bankruptcy of the Estate of HOLLYWOOD ASSOCIATES, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Court of Claims, December 4, 1940.

*Krause, Hirsch & Levin*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Gerald J. Carey, Assistant Attorney-General]*, for the defendant.

BARRETT, P. J.   This is a motion by a trustee in bankruptcy for permission to file a claim against the State pursuant to subdivision 5 of section 10 of the Court of Claims Act, to recover a refund due on the surrender of a liquor license, the amount of which refund has been paid by the Comptroller to the New York State Division of Placement and Unemployment Insurance in part payment of unemployment insurance taxes owing by the bankrupt in an amount

in excess of the amount of the refund. Said subdivision 5 of section 10 requires that the claim proposed to be filed shall accompany the application for permission to file. The State opposes the motion upon the ground that the proposed claim fails to State facts sufficient to constitute a cause of action in that said taxes constituted an offset in favor of the State.

I am in accord with the contentions of the State. The right of setoff existed. (Bankruptcy Act, § 68; U. S. Code, tit. 11, § 108. The debt was a provable and allowable debt. (Labor Law, § 500 *et seq.*) It is entitled to the same priority as is provided for taxes in section 64 of the Bankruptcy Act. (U. S. Code, tit. 11, § 104). (Labor Law, § 522, subd. 6.)

Remington on Bankruptcy ([4th ed.] vol. 4, § 1455, p. 222) states the governing rule as follows: " The debt sought to be set off need not be due at the date of adjudication, if owing.  *  *  * And the rule is the same, whether it is the creditor's or the bankrupt's claim that is not yet due."

The demand need not necessarily have matured or be presently due at the date of bankruptcy. (*Matter of Pottier & Stymus Co.*, 262 Fed. 955.) At and prior to the adjudication in bankruptcy, the bankrupt had an existing right to a refund. (Alcoholic Bev. Control Law, § 127.) Thus the debt due from the State to the bankrupt was in existence at the time of the adjudication in bankruptcy. Only its maturity was delayed until the license was surrendered and the Comptroller computed the amount of the refund.

I agree with the contention of claimant that the existence or absence of the right of setoff must be determined according to Federal rules of law. The case of *Prudential Insurance Company of America* v. *Nelson* (101 F. [2d] 441), does not apply as the indebtedness did not exist on the day of the adjudication in bankruptcy. *Matter of Fort Orange* (5 F. Supp. 833) does not apply as the debt there owing to the bankrupt arose out of a preferential transfer.

I am not in accord with the contention of claimant that by reason of section 125 of the Alcoholic Beverage Control Law, the amount of the refund was held in trust and therefore, may not be set off. The license fee, when paid, became the property of the State. Subdivision 1 of section 127 of the Alcoholic Beverage Control Law should not be extended by implication to cover any situation except that explicitly stated.

The motion must be denied. (*Capitol Distributing Corp.* v. *Kent's Restaurant, Inc.*, 173 Misc. 827.) An order may be submitted accordingly.