**NEW YORK CREDIT MEN'S ADJUST- MENT BUREAU, Inc.**

v.

**BRUNO-NEW YORK, Inc. et al.**

United States District Court
S. D. New York.
March 29, 1954.

Harper & Matthews, New York City, for plaintiff.

Spiro, Felstiner & Prager, New York City, for defendant Bruno-New York, Inc.

White & Case, New York City, for defendant General Electric Supply Corp.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Philco Distributors, Inc.

Halperin, Natanson, Shivitz & Scholer, New York City, for defendant Gross Distributors, Inc.

Joseph P. Freireich, New York City, for defendant Cooper Distributing Co., Inc.

Pruitt, Coursen, Oechler & McLaughlin, New York City, for defendant Crosley Distributing Corp.

Nathan Shapiro, New York City, for defendant Warren-Connolly Co., Inc.

Shearman & Sterling & Wright, New York City, for defendant Zenith Radio Corp. of New York.

O'Dwyer, Bernstein & Preusse, New York City, for defendant Vim Electric Co., Inc.

Weil, Gotshal & Manges, New York City, for defendant Davega Stores Corp.

McGOHEY, District Judge.

This suit for treble damages under the Clayton Act[1] was commenced by the bankrupt prior to adjudication. The trustee having been substituted as plaintiff filed an "amended and supplemental complaint" to which answers were made. It now moves against those answers as follows:

### I.

to strike the following defenses as insufficient in law, pursuant to Rule 12(f):

#### A.

set offs based on:

##### 1.

goods sold and delivered, as pleaded by Zenith (5);* Philco (16, 17); Cooper (9); Warren-Connolly (IX); Crosley (6); General Electric (9); Bruno (46–48).

2. damages for violation of the Clayton Act, as pleaded by Davega (5–11); Vim (6–13).

---

1. 15 U.S.C.A. § 15.

* The numbers in parentheses represent paragraphs of the answers.

3. damage to good will and damages for violation of New York Feld-Crawford Act, as pleaded by Bruno (28–45, 49–51).

B. unclean hands, as pleaded by Davega (4); and Vim (5).

C. three year statute of limitations, as pleaded by Gross (9); and Philco (15).

II. to dismiss the following counterclaims:

A. for failure to state claims for which relief can be granted; pursuant to Rule 12(b) (6):

1. for goods sold and delivered as pleaded by Zenith (8); Philco (16–17); Cooper (9–11); Crosley (6); Bruno (46–48).

2. for treble damages for violation of the Clayton Act, as pleaded by Davega (5–11); and Vim (6–13).

3. defense wrongly designated as a counterclaim pleaded by Bruno (24–27).

B. for lack of jurisdiction over the subject matter, pursuant to Rule 12(b) (1):

1. violation of the New York Feld-Crawford Act, as pleaded by Bruno (28–45).

2. injury to good will, as pleaded by Bruno (49–51).

■ Bruno concedes what is obvious, that paragraphs 24 through 27 of its answer which are interposed both as defense and counterclaim, state no grounds for affirmative relief and says they were designated "counterclaim" only through a "typographical error." Accordingly, that designation will be stricken. The paragraphs will stand, however, as matter of defense, since as such they are not challenged.

■ The counterclaims and set offs of Davega and Vim based on Clayton Act vi-

olations, and those of Bruno based on invasion of good will and violation of the New York Feld-Crawford Act will be stricken. These all sound in tort not based on negligence and not having been reduced to judgment are not provable in bankruptcy under Section 63 of the Bankruptcy Act.[2] Accordingly, under Section 68, sub. b[3] they may not be asserted here as counterclaims or set offs against the estate.

■■ The set offs and counterclaims for goods sold and delivered—claims admittedly provable against the estate—stand on a different footing than the above. Normally such claims may be set off under Section 68. Here, however, the trustee objects that since 68, sub. a provides for the setting off of mutual debts or mutual credits, and since this is a suit for a penalty, there are no mutual debts or credits involved and hence no set off is permissible. I do not agree that this is a suit for a penalty. It seems to be well settled that when a private individual sues for damages, the measure of which is harm to himself, then the nature of the action is remedial and the fact that the damages so found are trebled does not change the action into one for a penalty.[4] This then is merely a suit sounding in tort, brought prior to bankruptcy and continued by the trustee. If the defendants are liable their liability existed at the time of bankruptcy although unliquidated; so too did the liability of the bankrupt. These then are mutual obligations and the trustee should stand in no better relationship vis-a-vis these creditor-defendants than did the bankrupt, unless the statute requires it. The statute on the contrary provides that set offs for such claims as goods sold and delivered, being provable in bankruptcy, should be allowed; that they should be

2. 11 U.S.C.A. § 103.

3. 11 U.S.C.A. § 108, sub. b.

4. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; City of Atlanta v. Chattanooga, 6 Cir., 1903, 127 Fed. 23, 28, 63 L.R.A. 721, affirmed 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; United Copper v. Amalgamated Copper, 2 Cir., 1916,

232 F. 574. See also In re Dearborn Manufacturing Corp., 2 Cir., 1937, 92 F. 2d 417, certiorari denied Klipstein v. Davidowicz, 303 U.S. 648, 58 S.Ct. 745, 82 L.Ed. 1109. See Judge Ryan's careful review of the cases in Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y. 1953, 117 F.Supp. 747.

allowed even against an asserted tort claim, seems to be the better reasoning.[5] It is to be remembered that claims asserted by the bankrupt need not be "provable" claims since Section 68, sub. b applies only to creditors' claims. There is no valid reason why the trustee should not be allowed to offset an estate's claim in tort against a creditor's claim against the estate; the converse is also true, limited only by the provisions of Section 68, sub. b.

It is argued that these creditors will be preferred over the other creditors. Every set off results in what "may be described as a sort of lawful preference"[6] because the Court is not permitted to disregard Section 68.[7] I do not think that the public policy of the antitrust laws requires striking of these set offs and counterclaims. By cancelling or reducing the defendants' provable claims, the injured party is in effect being paid all the compensatory damages to which he is entitled and for which the statute provides. To deny such set off simply because plaintiff is or becomes bankrupt would increase the statutory measure of the recovery by the amount of the outstanding claim.

The trustee relies on McCollum v. Hamilton National Bank,[8] in which the bank, sued for double the amount of usurious interest it collected, was denied set off of its claim against the bankrupt plaintiff. Here the Court, holding that the statute gave an exclusive remedy against a national bank which must be strictly enforced, and that payment of debts owed was not a condition precedent to the recovery of usurious interest, refused to permit the set off. The Court characterized such a statutory recovery of usurious interest as a penalty, enforceable by the trustee in bankruptcy and for which the bank becomes immediately liable upon violation. The Supreme Court, however, has held that a treble damage action under Section 4 of the Clayton Act is not an action for a penalty but is remedial.[9] Therefore I think the reasoning in the McCollum case not applicable here. The counterclaims and set offs based on goods sold and delivered will be allowed to stand.

▮ Since this is held not to be a suit for recovery of a penalty, the defenses, based on New York's three year statute of limitations, set up in the answers of Gross and Philco will be stricken.[10]

▮ The unclean hands defense pleaded by Davega and Vim will not be stricken. It is true that in antitrust suits this defense has been greatly restricted[11] but it seems not to have been totally abolished.[12] Where the parties are in pari delicto it would appear that the defense should stand.[13] Whether the bankrupt and these defendants stand in that relation is not now clear. The allegations of the defense, which on this motion must be accepted as true, seem to charge that they do. The truth can be more accurately determined only from evidence on the trial. The defendants will not now be barred from making their offers of proof.

Settle order in accordance herewith.

5. In re Harper, D.C.N.Y., 175 F. 412; In re Manneschmidt, D.C.N.Y., 202 F. 815; 4 Collier on Bankruptcy, 14th Ed. § 68.04.

6. In re Pottier & Stymus Co., 2 Cir., 262 F. 955, 956.

7. In re Associated Telephone Utilities, D. C.S.D.N.Y., 12 F.Supp. 468.

8. 303 U.S. 245, 58 S.Ct. 568, 82 L.Ed. 819.

9. City of Atlanta v. Chattanooga, supra.

10. Leonia, etc. v. Loew's, Inc., note 4 supra.

11. Kieffer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219.

12. Alfred Bell & Co. v. Catalda, 2 Cir., 191 F.2d 99–106; Trebuhs Realty Co. v. News Syndicate, D.C., 107 F.Supp. 595.

13. Northwestern Oil Co. v. Socony Vacuum Oil Co., 7 Cir., 138 F.2d 967, 971, certiorari denied 321 U.S. 792, 64 S.Ct. 790, 88 L.Ed. 1081; Ring v. Spina, 2 Cir., 148 F.2d 647, 653, 160 A.L.R. 371.