EMMCO INSURANCE COMPANY

*v.*

BEACON MUTUAL INDEMNITY COMPANY and
JOHN OTTIE CHUNN.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

MacFARLAND, COLLEY & DOUGLAS, Columbia, for plaintiff in error.

J. SHELBY COFFEY, JR., Columbia, for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, Emmco Insurance Company, was plaintiff in the court below in which it sued the defendants, The Beacon Mutual Indemnity Company and John Ottie Chunn, for treble damages for wilfully and wrongfully procuring the breach of contract existing between it and one Edward Watkins, who was insured by the plaintiff against loss and damages by collision etc. The wrongs and injuries complained of and for which it sued appears in the plaintiff's declaration, which reads as follows:

"The plaintiff, Emmco Insurance Company, sues the defendants, Beacon Mutual Indemnity Company and John Ottie Chunn for Two Thousand Two Hundred and Fifty ($2,250.00) Dollars damages, and for cause of action says:

## "First Count

"That on or about the 30th day of December, 1955, the defendant John Ottie Chunn was the owner and operator of a pickup truck which was involved in a collision near Columbia, Tennessee, with an automobile owned by Edward Watkins and driven by Frank Watkins. Said automobile was a 1954 Ford and was insured under a collision policy by the plaintiff, Emmco Insurance Company. Said policy provided that said plaintiff would reimburse the owner, Edward Watkins, in the amount of damages to said automobile occasioned by any collision, less $100.00 deductible. As a result of said collision, your plaintiff paid to the said Edward Watkins the sum of Seven Hundred and Fifty ($750.00) Dollars, which payment was made under and pursuant to said collision insurance policy. Said payment was made on January 30, 1956, at which time the said Edward Watkins entered into a subrogation agreement with the plaintiff whereby the plaintiff was subrogated to the rights, claims and interests which the said Edward Watkins might have and did have against the defendants John Ottie Chunn and his liability insurance carrier, The Beacon Mutual Indemnity Company. Said subrogation was for the property damage to said Watkins' automobile in the amount of Seven Hundred and Fifty ($750.00) Dollars.

"At the time of said collision the defendant John Ottie Chunn was insured by the defendant The Beacon Mutual Indemnity Company for any liability to third parties resulting from said collision. Under said liability insurance policy said defendant The Beacon Mutual Indemnity Company proceeded to contact the said Edward Watkins and proceeded to attempt to make settlement on behalf of the defendant John Ottie Chunn. The plaintiff was advised that the Beacon Mutual Indemnity

Company carried liability on the Chunn truck, and on January 25, 1956, gave notice to the defendants John Ottie Chunn and The Beacon Mutual Indemnity Company that the plaintiff carried collision insurance on said Watkins automobile and was an interested party in the settlement of any claim for damages to said vehicle. Notwithstanding the fact that they had notice of plaintiff's interest, the defendant The Beacon Mutual Indemnity Company proceeded to negotiate with the said Edward Watkins, who at that time was living in the State of Michigan, and on April 14, 1956, induced the said Edward Watkins and the other passengers in his vehicle to execute a covenant not to sue whereby the said Edward Watkins covenanted with the said John Ottie Chunn and the said Beacon Mutual Indemnity Company that he would not sue for any property damages resulting from said accident. The consideration paid the said Edward Watkins and the other passengers in his automobile was $500.00, which was less than the actual damage to the Watkins automobile. A copy of said covenant it attached thereto as Exhibit A. Said covenant was obtained from the said Edward Watkins without notice to or knowledge of the plaintiff, and said covenant was obtained at a time when the defendants and their agents had knowledge of the interest of the plaintiff in said property damage claim.

"Plaintiff avers that the defendants, their agents and representatives, induced the said Edward Watkins to breach said subrogation contract and procured the breach of said contract with full knowledge of the existence of said subrogation agreement and contract and with full knowledge that the plaintiff had paid the said Edward Watkins for collision damage to the Watkins

automobile and was therefore subrogated to the rights of Edward Watkins against both defendants. On June 13, 1956, the Plaintiff instituted an action against the defendant John Ottie Chunn for damages to said Watkins automobile resulting from said collision. Said action was instituted in the name of Edward Watkins and was instituted pursuant to said subrogation agreement. The defendant, John Ottie Chunn, through his attorney, which attorney also represented the Beacon Mutual Indemnity Company in said case, filed a plea and cross-declaration setting up said covenant not to sue as a bar to the recovery for any damage to said automobile as a result of said collision. Said plea and cross-declaration is filed hereto as Exhibit B. After said plea and declaration was filed, the plaintiff subsequently moved for and was granted a nonsuit in said cause in the Circuit Court for Maury County. Said covenant not to sue was pleaded by the defendants in an attempt to bar the plaintiff of any recovery on his subrogation rights under said subrogation contract and the defendants obtained said covenant not to sue with knowledge, and in breach of, said subrogation contract.

"Wherefore plaintiff avers that said defendants induced and procured the breach of said contract and sues the defendants for $2,250.00 damages.

## "Second Count

"Plaintiff adopts all of the words and figures of the First Count of this his declaration and says that at the time that the defendants, their agents and representatives, obtained said covenant not to sue and induced the said Edward Watkins to breach said subrogation contract there was in full force and effect the following

statute of the State of Tennessee, as found in Tennessee Code Annotated, Section 47-1706:

" '47-1706. Procurement of breach of contracts unlawful—Treble damages. It shall be unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of said contract; and the party injured by such breach may bring his suit for said breach and for such damages.'

"Plaintiff avers that the defendants violated the above statute in that they induced and persuaded the said Edward Watkins to breach his subrogation agreement by inducing and persuading him to execute said covenant not to sue for the sum of $500.00 in complete discharge of all personal injury claims and property damage claims resulting from said collision. Plaintiff avers that defendants are liable to plaintiff in treble the amount of damages resulting from said breach of contract.

"Wherefore plaintiff sues the defendants for $2,250.00 damages."

To the foregoing declaration the defendant, Chunn, and his insurance carrier demurred upon several grounds. The trial judge sustained the demurrer resulting in this appeal. Contention is made in the assignments of error that the trial judge erred in sustaining the several grounds of the demurrer and dismissing plaintiff's suit.

In our view of the case we deem it unnecessary to discuss wherein the trial judge may have been in error in sustaining some of the grounds of the demurrer. The record discloses that the demurrer in its entirety was sustained and without comment.

The principal ground of the demurrer is that the declaration shows on its face that the defendant did not procure the breach of any contract existing between Watkins and his collision insurance carrier.

██ Conceding the averments in the declaration to be true, as well as all reasonable inferences to be drawn therefrom, we hold that it does not state a cause of action, to wit, that the defendant procured the breach of this contract with the plaintiff. It is conceded that the plaintiff was subrogated to the rights of Watkins to sue the defendants for the total amount paid Watkins for all damages to his car which resulted in its collision with Chunn's truck. It is not disputed, in fact it could not be, that Watkins could sue the defendant, Chunn, and his insurance carrier for property damages and personal injuries. The same is true as to Chunn and his right of action against Watkins. Both carried liability insurance.

█ Coming now to the legal effect of the covenant not to sue and which Mr. Watkins signed for a consideration of $500. Contention is made that by procuring this agreement the defendant, The Beacon Mutual Indemnity Company, which was Chunn's insurance carrier, procured Watkins to violate his contractual obligation to his collision insurance carrier not to sue for the damages to his car. To this contention we respectfully disagree. By entering into this agreement the parties undertook to and did effect a compromise as to the liability of

Chunn to Watkins for damages to the latter's automobile and also *for personal injury*. This was not a wrongful act; it was certainly not unlawful. The law favors compromises. As a direct result of "the covenant not to sue", which was incidental to and part of the compromise, the defendant, Chunn, was relieved of all liability for any alleged negligence proximately causing the injury. The compromise was favorable to Watkins in that Chunn's cross-action could not be maintained after said settlement. In fact the plaintiff (appellant here) in its first suit in which a cross-action was filed against Watkins must have taken notice that Chunn might succeed in obtaining a judgment against Mr. Watkins and his insurance carrier. He thereupon took a voluntary non-suit.

The compromise was not a legal wrong, nor was it an act of moral delinquency for the defendant insurance carrier and Chunn to make an advantageous settlement. There was no privity of contract between the plaintiff and the defendants.

It is settled law that the insurer is subrogated to such lawful rights as the insured possesses, i. e. the right to sue in the name of the insured for damages to the latter's car. *Globe & Rutgers Fire Ins. Co. v. Cleveland,* 162 Tenn. 83, 34 S.W.2d 1059. Under the subrogation agreement Watkins' collision insurance carrier had no rights superior to the insured. It stood in Watkins' shoes so to speak, and if Chunn and his insurance carrier (his co-defendant) effected an advantageous settlement with Watkins it cannot be said that it was an actionable wrong such as would render them liable in treble damages.

The case of *Swift v. Beaty,* 39 Tenn. App. 292, 282 S.W.2d. 655, 659, does not support the appellant's right to treble damages. In that case the Court of Appeals (Carney, J.) said this:

"Likewise, the general rule is that a person's liability in tort for wrongfully inducing the breach of a contract is in no way affected by the fact that the injured party also has a right of action in contract against the defaulting party to the contract. See 30 Am.Jur.—Interference—Section 28, p. 78.

"However, we are cited to no authority in Tennessee or elsewhere holding that an injured party has an action in tort against the person inducing a breach of the contract after such injured party has given a complete release and discharge of liability to the party breaching the contract."

 Nor can we agree that the counsel's contention that the defendants' action in effecting a compromise with Mr. Watkins amounted to a fraud upon his insurance carrier's rights for reasons above stated.

The argument made at the bar of this Court seems to be that Chunn, the insured, and his insurance carrier acted at their peril in dealing with Watkins; that they could make no settlement whatever to their advantage without first obtaining the plaintiff's consent. No authority is cited, and we believe none can be found, holding Mr. Chunn liable in treble damages because his insurance carrier had effected an advantageous compromise with Mr. Watkins.

The Code Section relied on (47-1706, T.C.A.) and made the basis of this action under the Second Count of

the declaration contemplates the improper inducement, and we might add the unlawful conduct, of the alleged wrongdoer whereby a contract is broken. The statute contemplates the imposition of a severe penalty, "and should not be enforced except upon a clear showing." *Lichter v. Fulcher,* 22 Tenn.App. 670, 125 S.W.2d 501, 508.

■ Contention is made by the plaintiff appellant that it gave notice to Mr. Chunn and his insurance carrier that it was an interested party in any settlement or compromise that might be made. The declaration shows (Exhibit B) that notice was given to Mr. Chunn by letter, as follows:

"Mr. John D. Chunn
"Route #1
"Spring Hill, Tennessee
"Dear Mr. Chunn:

"Re: Emmco Insurance Company
"Policy No. 2341, 429, 24
"Edward Watkins, Insured
"Collision Date: 12-30-55
"Amount of Claim $860.93

"We have now completed sufficient investigation on the above claim to determine that the legal responsibility for damages to our insured's car rests upon you.

"We ask that you contact us immediately, personally or through your insurance carrier as the case may be with reference to settlement with this Company in the above stated amount.

"We feel that the matter can be adjusted without resorting to litigation and consequently are holding our file 10 days before reference to our local counsel for suit.

"Your very truly,
"Protective Insurance Agency
"H. L. Gurganus, Claims Examiner"

The foregoing letter cannot be considered as notice to Mr. Chunn's insurance carrier. There was no notice to the latter. Certainly the insured cannot be held liable in treble damages because he did not comply with the plaintiff's request to notify his co-defendant.

The case for the plaintiff in a nutshell rests upon the inconclusive assumption that the defendant, John Ottie Chunn's negligence was the sole proximate cause of the accident and damage to Mr. Watkins' car, and but for the compromise settlement the plaintiff could have successfully prosecuted its suit against the defendants and recovered the full amount paid Mr. Watkins under his collision insurance policy. This, we think, is a pure speculation.

■ Considering the intention of the Legislature in passing the statute relied on (T.C.A. sec. 47-1706), we think it was designed as a protection against wilful wrongs, such as inducing employees to break their contract with their employer which would result in injury and damage to the latter's business interest. The statute is declaratory of the common law except as to the amount of damages that may be recovered against a wrongdoer. We think it has no application to rights which arise under a binding covenant not to sue in a tort action where the parties to such covenant have con-

flicting claims for damages. In other words, in the circumstances appearing in the plaintiff's declaration the parties had the lawful right to enter into such a covenant to protect their individual interests without imputing to either any wrongful intention of injury to a third party who claimed to have an interest in the settlement.

Considering the entire record, the assignments of error and the briefs of counsel, we feel that the case has been correctly decided by the trial judge and his judgment is affirmed.