876

■ JULES SHANK, as Trustee in Bankruptcy of Brothers Coach Corporation, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DIST., No. 3, EAST MEADOW, Appellant.— In an action to recover for transportation services rendered, defendant appeals from an order of the Supreme Court, Nassau County, entered February 7, 1973 which granted plaintiff's motion for summary judgment and to strike defendant's counterclaim. Order reversed, without costs, on the law, and plaintiff's complaint and defendant's counterclaim are dismissed. The issues raised here are the same as those raised in the companion case of Shank v. Board of Educ., Union Free School Dist. No. 10, (42 A D 2d 876, decided herewith). Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.

■ JULES SHANK, as Trustee in Bankruptcy of Brothers Coach Corporation, Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 10, COMMACK, Appellant.— In an action to recover for transportation services rendered, defendant appeals from (1) an order of the Supreme Court, Suffolk County, entered September 14, 1972, granting plaintiff's motion for summary judgment and to strike defendant's counterclaim and denying defendant's cross motion for summary judgment, (2) a judgment of the same court entered September 29, 1972, thereon and (3) an order dated January 31, 1973, insofar as the same court, upon reconsideration, adhered to its original decision in connection with the order entered September 14, 1972. Appeal from order entered September 14, dismissed. This order was superseded by the order dated January 31, 1973. Order dated January 31, 1973, insofar as appealed from, and judgment entered September 29, 1972, reversed, without costs, on the law, and plaintiff's complaint and defendant's counterclaim are dismissed. On August 14, 1970 Brothers Coach Corporation filed a petition for an arrangement pursuant to chapter XI of the Bankruptcy Act (U. S. Code, tit. 11). The bus company was permitted to continue to run its own business as a debtor in possession. On November 12, 1970, Brothers Coach Corporation was adjudicated a bankrupt, and on November 13, 1970, the plaintiff was qualified as trustee in bankruptcy. Prior to the filing of the petition under chapter XI Brothers Coach Corporation had entered into a contract for the transportation of children residing in the defendant school district. In the instant action the trustee sued to recover the agreed value of the services rendered by Brothers Coach Corporation, debtor in possession, to the defendant from October 1, 1970, to November 6, 1970, pursuant to the transportation contract. Defendant counterclaimed for an amount greater than plaintiff was suing for, based upon damages it is agreed the school district sustained when the bus company, then in a chapter XI situation as a debtor in possession, failed to provide 75 buses for 8 school days from November 6, 1970, to November 18, 1970. Defendant contended that it was entitled to a set-off against plaintiff's claim so as to bar any recovery by the plaintiff. Subdivision (a) of section 68 of the Bankruptcy Act (U. S. Code, tit. 11, § 108) provides that: "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." To be mutual, the debts or credits must be in same right and between the same parties, standing in the same capacity (4 Collier, Bankruptcy [14th ed.], § 67). We disagree with Special Term's holding that the debts in the instant case were not "mutual", thereby requiring a denial of defendant's request for a set-off. Debtors in possession are not required to continue to perform a contract of the bankrupt and damages growing out of their failure to do so are properly claims against the bankrupt and not the debtor

in possession (*Howard* v. *Magazine & Book Co.*, 147 App. Div. 335). However, when a contract is assumed by the debtor in possession it carries with it all of the burdens as well as the benefits of the contract (8 Collier, Bankruptcy, [14th ed.], p. 226). The Bankruptcy Act provides two methods by which the rejection of executory contracts of a chapter XI debtor may be made by the debtor in possession or the trustee. The two methods can be found in subdivision (1) of section 313 and subdivision (2) of section 357 of the Bankruptcy Act (U. S. Code, tit. 11, § 713, subd. [1]; § 757, subd. [2]) (*United States Metal Prods. Co.* v. *United States*, 302 F. Supp. 1263; *Matter of Alfar Dairy*, 458 F. 2d 1258). The Bankruptcy Act does not authorize a tacit rejection of any executory contract of a chapter XI debtor (*Matter of Greenpoint Metallic Bed Co.*, 113 F. 2d 881). In the instant case it has not been claimed that there was a rejection of the executory transportation contract by either of the two methods provided. In any event, no such claim could be validly made. It is clear that the contract with the defendant was never terminated. Therefore, when bus service was not provided from November 6, 1970 to November 18, 1970, the contract was breached not by the debtor, but by the debtor in possession. The claims of both parties here arose after the debtor became the debtor in possession. Since the plaintiff has a valid claim for transportation services rendered by Brothers Coach Corporation, debtor in possession, and the defendant has a valid claim against the debtor in possession for damages arising from its breach of the contract the debts are "mutual" entitling the defendant to a setoff barring any recovery by the plaintiff (*Matter of Alfar Dairy, supra*). It should be noted that the defendant's setoff rightfully includes damages arising out of the failure to provide bus service after November 12, 1970, even though on that day Brothers Coach Corporation was adjudicated a bankrupt (Bankruptcy Act, § 378, subd. [a]; U. S. Code, tit. 11, § 778, subd. [a]; 9 Collier, Bankruptcy [14th ed.], p. 510). Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.