**In re BARRY P. PARKER'S, INC., d/b/a Parker's 5 & 10 Store, Debtor.**

**WASTE MANAGEMENT OF TENNESSEE, INC., Plaintiff,**

v.

**BARRY PARKER'S, INC., d/b/a Parker's 5 & 10 Store, Defendant.**

Bankruptcy No. 381–03217.
Adv. No. 382–0689.

United States District Court,
M.D. Tennessee.

July 19, 1983.

---

Thomas E. Schoenheit, Nashville, Tenn., for Sentry Ins. Co.

John B. Carlson, Nashville, Tenn., for plaintiff.

Richard H. King, Jr., Nashville, Tenn., for debtor.

## MEMORANDUM

WISEMAN, District Judge.

This matter is before the court on the plaintiff Waste Management of Tennessee, Inc.'s (hereinafter "Waste Management") complaint seeking relief from the automatic stay imposed pursuant to 11 U.S.C. § 362(a) to assert a counterclaim in a state court proceeding commenced by Sentry Insurance Company (hereinafter "Sentry") in the name of the debtor, Barry P. Parker's, Inc.[1] Upon consideration of the evidence present-ed at the hearing, stipulations, briefs of the parties and the entire record, this court concludes that Waste Management's request should be granted.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 752.

The facts giving rise to this adversary proceeding are undisputed. On October 3, 1979, the debtor asserts that a truck operated by a Waste Management employee struck and damaged an air conditioning unit owned by the debtor. The debtor ascertained the damage to the air conditioner to be approximately $3,617.40. Waste Management denied any responsibility for this damage and, as a result, the debtor refused to pay Waste Management for services rendered from September of 1979 through April of 1981. The parties have stipulated that the amount owed by the debtor for these services is $1,660.00. On May 1, 1980, Sentry paid the debtor $2,112.60 for damages to the air conditioning unit in compliance with an insurance policy between these parties.

The debtor subsequently filed a voluntary Chapter 11 petition in the bankruptcy court for this district on October 9, 1981.[2] In the Statement of Schedules and Affairs, the debtor listed Waste Management as an unsecured creditor in the amount of $1,660.00 and also noted that it possessed an offset and contingent claim against Waste Management for the damage caused to the air conditioning unit.

In November of 1981, Sentry sued Waste Management in the debtor's name in the General Sessions Court for Davidson County, Tennessee, seeking to recover $3,617.40 for the damage allegedly sustained to the air conditioning unit. A default judgment in this amount was entered against Waste Management and that judgment was ap-

---

1. Pursuant to Administrative Order No. 28-4 (M.D.Tenn. March 9, 1983), this adversary proceeding was referred to United States Bankruptcy Judge George C. Paine, II, in his temporary capacity as standing master for this district. Upon review of the report submitted by Judge Paine in accordance with Federal Rule of Civil Procedure 53(e), this court concludes that this report should be adopted as the opinion of this court.

2. On December 10, 1982, this Chapter 11 reorganization was converted to a liquidation case under Chapter 7.

pealed to the Circuit Court for Davidson County, which appeal is currently pending.

On February 4, 1982, the bankruptcy court granted an application by Sentry to proceed with the aforementioned lawsuit on the debtor's behalf. Waste Management subsequently commenced this adversary proceeding to obtain relief from the stay to assert a counterclaim in the state proceeding for the $1,666.00 owed to it by the debtor. On November 10, 1982, Sentry was allowed to intervene in this adversary proceeding.

■ Waste Management's complaint essentially seeks relief from the stay to assert a counterclaim as a setoff to the debtor's claim for damages pursuant to § 553 of the Bankruptcy Code.[3] The filing of this complaint by Waste Management is both proper and necessary since the automatic stay prohibits a creditor from effectuating such postpetition setoffs.[4] 11 U.S.C.A. § 362(a)(7) (West 1979). In a well reasoned opinion, Bankruptcy Judge Keith M. Lundin of this district recently set forth the circumstances under which a creditor would be permitted to conduct a postpetition setoff. As Judge Lundin explained:

"Section 542(b) requires a creditor who owes a debt that is property of the estate, to pay such debt to the trustee 'except to the extent that such debt may be offset under § 553 of this title against a claim against the debtor.' The burden of proof is on the creditor to prove entitlement to setoff under § 553.... The elements necessary to prove setoff under § 553 are:

1. a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;

2. a claim of the creditor against the debtor which arose prior to commencement of the bankruptcy case; and

3. the debt and claim must be mutual obligations.

The Bankruptcy Code defines 'debt' as 'liability on a claim.' ... 'It has been long the rule that the right of setoff exists if the debt is absolutely owing at the time of the petition even though not due or liquidated.'...

Mutuality of obligations means that the obligations must be between the same parties, ... and must be 'owing to and due in the same rights and capacity.' " (Footnotes and citations omitted).

*Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Construction Corp.),* 23 B.R. 147, 151–152 (Bkrtcy.M.D. Tenn.1982), *aff'd* Civil Action No. 82–3942 (M.D.Tenn. December 21, 1982).

The requirements set forth by Judge Lundin for allowance of a § 553 setoff are clearly satisfied in this proceeding. The debtor owes Waste Management $1,660.00 for work performed and has a claim against Waste Management, albeit disputed, for damages to its air conditioning unit. The debt and the claim in question both arose prior to the commencement of the debtor's bankruptcy petition and are mutual obligations. The fact that Waste Management's claim is in contract whereas the debtor's cause of action is a tort claim for negligence has no effect on the right to setoff since mutuality does not require a similarity of obligations. *See In the Matter of Diplomat Electric, Inc.,* 361 F.Supp. 1163, 1165 (S.D.Fla.1973), *aff'd sub nom. Miller v. Westinghouse Electric Supply Co.,* 499 F.2d 342, 346–347 (5th Cir.1974); *New York*

**3.** 11 U.S.C.A. § 553(a) (West 1979) provides in pertinent part:

"(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...."

**4.** As noted by former Bankruptcy Judge Russell H. Hippe, several commentators have questioned the necessity of this provision in liquidation cases such as the present case. *See Third National Bank v. Carpenter,* 14 B.R. 405, 407 (Bkrtcy.M.D.Tenn.1981). It is nevertheless clear that § 362(a)(7) applies to both reorganization and liquidation cases.

Credit Men's Adjustment Bureau v. Bruno-New York, Inc., 120 F.Supp. 495, 497–498 (S.D.N.Y.1954); In re Manneschmidt, 202 F. 815, 815–816 (E.D.N.Y.1913); Seidle v. Turner (In re 18th Avenue Development Corp.), 12 B.R. 10, 11 (Bkrtcy.S.D.Fla.1981); In re Doctors Hospital, Inc., 6 B.R. 390, 395 (Bkrtcy.D.C.1980); 4 COLLIER ON BANKRUPTCY ¶ 553.04, at 553–32 to 553–34 (15th ed. 1982).

■ Finally, the subrogation of a portion of the debtor's potential claim to Sentry does not prohibit Waste Management from asserting this counterclaim. The law of Tennessee is well settled that an insurer who succeeds to a cause of action held by its insured gains no greater rights than those possessed by the insured and necessarily takes the cause of action subject to any defenses which might exist. Globe & Rutgers Fire Insurance Co. v. Cleveland, 162 Tenn. 83, 34 S.W.2d 1059, 1060–1061 (1931). See also Emmco Insurance Co. v. Beacon Mutual Indemnity Co., 204 Tenn. 540, 322 S.W.2d 226, 230 (1959); Continental Insurance Co. v. Weinstein, 37 Tenn.App. 596, 267 S.W.2d 521, 524–525 (1953).

Waste Management should therefore be allowed to assert its counterclaim to setoff any liability which it may incur as a result of the debtor's state court action. See Clark v. Ferro Corp., 237 F.Supp. 230, 233 (E.D.Tenn.1964); New York Credit Men's Adjustment Bureau v. Bruno-New York, Inc., 120 F.Supp. at 497–498; 4 COLLIER ON BANKRUPTCY ¶ 553.13, at 553–54 (15th ed. 1982).

Accordingly, the court shall enter an order granting Waste Management's complaint for relief from the stay.

IT IS, THEREFORE, SO ORDERED.