# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**September 21, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

BUDDY LEE ATTRACTIONS, INC.,    )
    )
    Plaintiff/Appellee,    )
    )   Davidson Chancery
VS.    )   No. 94C-2578
    )
WILLIAM MORRIS AGENCY, INC.    )   Appeal No.
and JOSEPH E. HARRIS,    )   01A01-9804-CH-00185
    )
    Defendants/Appellants.    )

## OPINION
## CONCURRING IN PART & DISSENTING IN PART

I concur with the court's conclusion that this case must be retried because the trial court erroneously granted a summary judgment regarding the validity of Mr. Harris's 1991 contract with Buddy Lee Attractions, Inc. However, I do not concur with the court's disposition of the election of remedies issue because it is based on a mistaken premise – that Tennessee recognizes both a common-law and statutory cause of action for procurement of breach of contract.

The common law recognized a number of causes of action for business injuries, including (1) unjustifiable interference with business relations, (2) intentional interference with prospective contractual relations, (3) intentional interference with a contractual relationship, and (4) inducement of breach of contract. In the latter part of the nineteenth century, the extent to which Tennessee recognized these causes of action was placed in doubt when the Tennessee Supreme Court held that a Chattanooga retail merchant whose clientele included employees of the Western & Atlantic Railroad could not recover damages against the railroad for threatening to fire any of its employees who traded with the merchant. The Court, in a three to two decision, reasoned that such an action could be maintained only if the railroad had committed or threatened to commit illegal acts and that the railroad had not committed an illegal act because it could terminate its at-will employees at any time for any reason. *See Payne v. Western & Atl. R.R. Co.*, 81 Tenn. 507, 523, 526-27

(1884).[1]

In 1907, the General Assembly created a statutory cause of action for procurement of a breach of contract.[2] This statute, now codified at Tenn. Code Ann. § 47-50-109 (1995), does not apply to all common-law causes of action for interference with business relations, but rather to acts "to induce or procure the breach or violation, refusal or failure to perform any lawful contract." Over fifty years after the statute's enactment, the Tennessee Supreme Court observed in dicta that the "statute is declaratory of the common law except as to the amount of damages that may be recovered against a wrongdoer." *Emmco Ins. Co. v. Beacon Mut. Indemn. Co.*, 204 Tenn. 540, 551, 322 S.W.2d 226, 231 (1959). The Court's observation was, of course, correct because the common law did recognize a cause of action in tort for procurement of a breach of contract and because the statutory treble damage remedy differed from the common-law punitive damage remedy.

Later, the United States Court of Appeals for the Sixth Circuit cited the *Emmco* decision for the proposition that Tennessee recognizes both a common-law and statutory cause of action for procurement of breach of contract. *See Edwards v. Travelers Ins.*, 563 F.2d 105, 119 (6th Cir. 1977). This conclusion stretches the *Emmco* dicta far beyond its plain meaning, and our courts could, with good cause, decline to follow the *Edwards* case were it not for later dicta by the Tennessee Supreme Court apparently adopting the *Edwards* court's statement. *See Polk & Sullivan, Inc. v. United Cities Gas Co.*, 783 S.W.2d 538, 542 (Tenn. 1989).

This court cannot reverse decisions of the Tennessee Supreme Court, *see Richardson v. Johnson*, 60 Tenn. App. 129, 136, 444 S.W.2d 708, 711 (1969), and the principle of stare decisis mandates caution when revisiting issues that have already been decided. However, the Tennessee Supreme Court has held that stare decisis does not compel courts to perpetuate manifest error, *see Summers v. Thompson*, 764 S.W.2d 182, 199 (Tenn. 1988) (Drowota, J., concurring); *Arnold v. Mayor & Aldermen of Knoxville*, 115 Tenn. 195, 202, 90 S.W. 469, 470 (1905), and does not apply to dicta. *See Shousha v. Matthews Drivurself Serv., Inc.*, 210 Tenn.

---

[1]The Tennessee Supreme Court later overruled *Payne v. Western & Atl. R.R., Co.* in *Hutton v. Watters*, 132 Tenn. 527, 544, 179 S.W. 134, 138 (1915).

[2]*See* Act of Mar. 14, 1907, ch. 154, 1907 Tenn. Pub. Acts 459.

384, 389-90, 358 S.W.2d 471, 473-74 (1962). In my opinion, the idea that Tennessee recognizes both a common-law and statutory claim for procurement of a breach of contract is just such a manifest error.

The illogic of the *Edwards* court's reasoning can be demonstrated by asking why the General Assembly enacted Tenn. Code Ann. § 47-50-109 in the first place. It makes little sense to conclude that the General Assembly set out to duplicate a common-law action that already existed. Doing so would have been a waste of legislative time. Rather, because of the unsettled scope of Tennessee's recognition of common-law torts for business injuries, it is more likely that the General Assembly decided to enact a statutory cause of action for procurement of breach of contract to supplant any common-law cause of action. Because intentionally procuring someone to breach an existing contract is inherently malicious, *see Dynamic Motel Management, Inc. v. Erwin*, 528 S.W.2d 819, 822 (Tenn. Ct. App. 1975), the General Assembly also decided to replace the common-law punitive damage remedy with a statutory treble damage remedy.

Resurrecting the common-law cause of action for procurement of breach of contract adds little to our substantive law and creates unnecessary procedural complexity. The statutory remedy provides an appropriate vehicle for recovering damages and for deterring intentionally malicious conduct. At the same time, continuing to recognize the existence of a common-law cause of action will require the parties, the trial court, and the jury to deal with overlapping, duplicative, and potentially confusing instructions and special interrogatories. Accordingly, I would hold that Tenn. Code Ann. § 47-50-109 provides the sole remedy for the tort of procuring a breach of contract and that this case, if retried, should be tried on the statutory cause of action alone.

_____
WILLIAM C. KOCH, JR., JUDGE